1
2
3
4
5
6
7
8
9
10
11                    **UNITED STATES DISTRICT COURT**

12            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

13

14  MATTHEW JENNINGS,                    )        2:08-cv-01305-HDM-RAM
                                         )
15                   Plaintiff,          )
                                         )        ORDER
16  vs.                                  )
                                         )
17  A. MORELAND, et al.,                 )
                                         )
18                   Defendants.         )
    _____)

19

20      Plaintiff is a state prisoner proceeding pro se.  He seeks

21  relief pursuant to 42 U.S.C. § 1983 and has requested authority to

22  proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

23      Plaintiff has submitted a declaration that makes the showing

24  required by 28 U.S.C. § 1915(a).  Accordingly, the request to

25  proceed *in forma pauperis* will be granted.

26      Plaintiff is required to pay the statutory filing fee of

27  $350.00 for this action.  28 U.S.C. § 1914(a), 1915(b)(1).  An

28  initial partial filing fee of $1.77 will be assessed by this order.

1

28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.  Such review is essentially a ruling on a question of law.  *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719,

2

723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**Plaintiff's Claims**

     In his complaint, plaintiff asserts that he was threatened by two inmates on July 31, 2007, and attacked by one of them on August 1, 2007.  During the attack, plaintiff was shot in the shoulder. The "shot tore [his] shoulder open causing bleeding, immediate swelling and extreme pain."  Plaintiff was taken to see defendant nurse M. Valente, who treated him by dabbing his shoulder with a saline solution, and then was placed in administrative segregation.

     During his time in administrative segregation, plaintiff complained to numerous prison officials and medical staff members that he had been shot, was in extreme pain, and needed to see a doctor.  He filled out numerous medical request forms, giving them to staff members who were administering medication.  On August 8, 2007, plaintiff was taken to see defendant nurse Kitty Craddock. Defendant Craddock's treatment consisted of administering plaintiff some ointment and a "bandaid"; plaintiff maintains Craddock ignored his complaints of pain.

3

1     On August 9, 2007, plaintiff was released from administrative
2 segregation into the general population.  There, plaintiff
3 complained to another nurse, who examined his shoulder and
4 scheduled him an appointment with a doctor the next morning.
5 Plaintiff asserts that he was not allowed to see the doctor and
6 appears to blame this on defendant Brown and another correctional
7 officer, who searched his cell, found his notes regarding the
8 events underlying his complaint, and divulged the notes' contents
9 to prison staff mentioned in the notes.  Plaintiff continued to
10 complain to correctional officers and medical staff members about
11 his wound, but it was not until August 13, 2007, after showing a
12 correctional officer his shoulder and explaining that he had not
13 yet seen a doctor, that plaintiff was taken to the emergency room.
14 In the emergency room, plaintiff was given a tetanus shot and a
15 shot for the pain.

16 **Analysis of Plaintiff's Claims**

17     Plaintiff alleges that defendants Moreland and Bartel
18 overheard the inmates' threats against plaintiff on July 31, 2007,
19 but failed to protect him from the August 1, 2007 attack.
20 Plaintiff has stated a claim against defendants Moreland and Bartel
21 for a violation of his Eighth Amendment rights.

22     Plaintiff also asserts that defendants Walker and Vance
23 released him into the general population despite knowing he had
24 been attacked.  The Eighth Amendment requires prison officials to
25 take reasonable measures to guarantee the safety of prisoners,
26 including protection from violence at the hands of other prisoners.
27  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  To prevail on such a
28 claim, the plaintiff must show: (1) the deprivation alleged is

4

objectively, sufficiently serious; and (2) the prison official is subjectively, deliberately indifferent to inmate safety. *Id*. at 834. Plaintiff does not allege that he suffered any physical harm as a result of his release into the general population, and to the extent he claims the harm suffered is mental or emotional, such claim is barred by the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). Plaintiff has therefore not alleged an objectively, sufficiently serious harm necessary to state an Eighth Amendment failure to protect claim against defendants Vance and Walker, and such claim will be dismissed.

Plaintiff also claims that several defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. As to those defendants who were involved in treating plaintiff, or who were given his medical request forms, namely defendants M. Valente, Kitty Craddock, Stewart, and Carol, plaintiff has stated a claim for deliberate indifference to his serious medical needs. As to those defendants to whom plaintiff complained of his wound, his pain, and his need to see a doctor, namely defendants Vance, Brown, Miguel, and Moreland, plaintiff has also stated a claim.

However, plaintiff's complaint contains insufficient factual allegations to state a claim for deliberate indifference as to defendants B. Brown, Pereira, Secluna, and Lt. Goldman. To state a claim for a violation of the Eighth Amendment based on inadequate

medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Plaintiff must show medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind, which in the medical context is deliberate indifference. *Wilson v. Seiter*, 501 U.S. 294, 299 (1991); *Hudson v. McMillian*, 503 U.S. 1, 4 (1992).  A defendant is liable for denying needed medical care only if he "knows of and disregards an excessive risk to inmate health and safety." *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002) (internal quotation marks omitted).  "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (internal quotation marks omitted).  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

     The plaintiff alleges that defendant Lt. Goldman videotaped his shoulder and questioned him about the attack.  Plaintiff does not allege that he told Lt. Goldman of his extreme pain or the fact he had not yet seen a doctor, and thus under the allegations of plaintiff's complaint there was no reason for Lt. Goldman to know of and disregard an excessive risk to plaintiff's health. Plaintiff has not stated a claim against defendant Lt. Goldman.

     According to plaintiff, he complained to defendants B. Brown,

Pereira, and Secluna either during or immediately after seeing a nurse.  Given that plaintiff had just received medical attention at the time he complained to these defendants, the facts are insufficient to show these defendants were deliberately indifferent to his serious medical needs.

Plaintiff asserts numerous factual allegations against "Moses," but does not include "Moses" in the caption of his complaint.  Plaintiff is informed that if he intends to pursue his civil rights complaint against "Moses," "Moses" needs to be listed in the caption along with the other defendants.

The Health Care Services at CSP may be a proper defendant, but the plaintiff is advised that if Health Care Services is a state agency, it will be entitled to Eleventh Amendment immunity.  *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 889, 100 (1984) (Eleventh Amendment proscribes suit against state agencies "regardless of the nature of the relief sought").

Plaintiff is granted leave to amend his complaint in accordance with this order.  Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

7

1      Accordingly, IT IS HEREBY ORDERED that:

2      1. Plaintiff's request to proceed in forma pauperis is

3  granted;

4      2. Plaintiff is obligated to pay the statutory filing fee of

5  $350.00 for this action.  Plaintiff is assessed an initial partial

6  filing fee of $1.77.  All fees shall be collected and paid in

7  accordance with this court's order to the Director of the

8  California Department of Corrections and Rehabilitation filed

9  concurrently herewith.

10     3. Plaintiff's claims against defendants Walker, B. Brown,

11  Pereira, Secluna, and Lt. Goldman, and his claims for failure to

12  protect against defendant Vance, are dismissed for the reasons

13  discussed above, with leave to file an amended complaint within

14  thirty days from the date of service of this order.  Failure to

15  file an amended complaint will result in dismissal of those

16  defendants from this action.

17     4. Upon filing an amended complaint or expiration of the time

18  allowed therefor, the court will make further orders for service of

19  process upon some or all of the defendants.

20     DATED: This 5th day of February, 2009.

21

22                    _Howard D McKibben_

23                    _____
                      UNITED STATES DISTRICT JUDGE

24

25

26

27

28