**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MATTHEW JENNINGS, | ) | 2:08-cv-01305-HDM-RAM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| A. MORELAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On February 5, 2009, the court found plaintiff's complaint stated colorable Eighth Amendment deliberate indifference claims against defendants M. Valente, Kitty Craddock, Stewart, Carol, Vance, Brown, Miguel, and Moreland, and colorable Eighth Amendment failure to protect claims against defendants Moreland and Bartel. The court dismissed plaintiff's failure to protect claims against defendants Walker and Vance, and his deliberate indifference claims against B. Brown,

1

Pereira, Secluna, and Lt. Goldman.  It further noted defendant Health Care Services at CSP might be subject to Eleventh Amendment immunity, and that if plaintiff intended to pursue this action against "Moses," "Moses" should be identified as a defendant.  The court granted plaintiff leave to file an amended complaint within thirty days.

On February 27, 2009, plaintiff filed his amended complaint.[1] In it, plaintiff omits as defendants the Health Care Services at CSP and Carol but adds as defendants "John Doe" a/k/a "Moses" and "John or Jane Doe," assistant deputy director of operations for the Health Care Services Division at New Folsom State Prison.  Because plaintiff was advised that his amended complaint must be complete without reference to the original complaint, the court will dismiss from this action those defendants not named in the amended complaint, namely Carol and Health Care Services at CSP.

After reviewing the amended complaint, the court is satisifed that plaintiff has stated colorable Eighth Amendment deliberate indifference claims against defendants: (1) M. Valente; (2) Kitty Craddock; (3) Stewart; (4) Vance; (5) Brown; (6) Miguel; (7) Walker; (8) Moreland; (9) B. Brown; (10) Pereira; (11) Secluna; (12) Lt. Goldman; (13) John Doe, a/k/a "Moses"; and (14) John or Jane Doe, assistant deputy director for the Health Care Services Division at New Folsom State Prison.  He has also stated colorable Eighth Amendment failure to protect claims against defendants: (1) Moreland; (2) Bartel; (3) Walker; and (4) Vance.

---

[1] Because plaintiff had already been granted leave to file an amended complaint, the court construes his "Motion For Leave to File An Amended Complaint" as the amended complaint.

2

In his complaint, plaintiff also seeks a preliminary injunction barring defendants from transferring him out of Mule Creek State Prison. The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. *See Coalition for Economic Equity v. Wilson*, 122 F.3d 692, 700 (9th Cir. 1997); *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. *Oakland Tribune*, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." *Id.* In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. *Id.* In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Plaintiff cannot show a likelihood of success on the merits with regard to his request not to be transferred. Prisoners have no liberty interest in avoiding being transferred to another prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam); *Johnson v. Moore*, 948

3

F.2d 517, 519 (9th Cir. 1991) (per curiam); *Coakley v. Murphy*, 884 F.2d 1218, 1221 (9th Cir. 1989). Accordingly, plaintiff's request for a preliminary injunction is denied. For the same reason, his claim for injunctive relief is dismissed.

Accordingly, the court now orders service of the claims found colorable and dismisses plaintiff's claim for injunctive relief.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: (1) M. Valente; (2) Kitty Craddock; (3) Stewart; (4) Vance; (5) Brown; (6) Miguel; (7) Walker; (8) Moreland; (9) B. Brown; (10) Pereira; (11) Secluna; (12) Lt. Goldman; (13) John Doe, a/k/a "Moses"; (14) John or Jane Doe, assistant deputy director for the Health Care Services Division at New Folsom State Prison; and (15) Bartel.

2. Defendants Carol and Health Care Services at CSP are hereby dismissed.

3. The Clerk of the Court shall send plaintiff 15 USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed February 27, 2009.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 3 above; and

    d. Fifteen copies of the endorsed amended complaint filed February 27, 2009.

5. Plaintiff need not attempt service on the defendants and

need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: This 9th day of March, 2009.

_____
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MATTHEW JENNINGS, | ) | 2:08-cv-01305-HDM-RAM |
| | ) | |
| Plaintiff, | ) | |
| | ) | NOTICE OF SUBMISSION OF |
| vs. | ) | DOCUMENTS |
| | ) | |
| A. MORELAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

    _____ completed summons form

    _____ completed USM-285 forms

    _____ copies of the _____

                          Complaint/Amended Complaint

DATED:

                                  _____
                                  Plaintiff