UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW JENNINGS,            )   2:08-cv-01305-HDM-RAM
                             )
         Plaintiff,          )
                             )   ORDER
vs.                          )
                             )
A. MORELAND, et al.,         )
                             )
         Defendants.         )
_____)

Plaintiff is a state prisoner proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. § 1983. On March 17, 2009, the court directed service on defendants M. Valente, Kitty Craddock, Stewart, Vance, Brown, Miguel, Walker, Moreland, B. Brown, Pereira, Secluna, Lt. Goldman, and Bartel.[1] Requests for waiver of service of summons were mailed to defendants Vance, A. Moreland, Secluna,

---

[1] Service will not be directed for the "Doe" defendants – "Moses" and the Assistant Deputy Director of Health Care Services – unless and until plaintiff has sufficiently identified those defendants such that service may be completed on them.

1

Miguel, A. Pereira, B. Brown, Jimmy Walker, Goldman, and E. Bartel, on April 6, 2009, to defendant Stewart on May 13, 2009, to defendant K. Craddock on May 19, 2009, and to defendant M. Valente on June 4, 2009.[2]

Before the court is the plaintiff's motion for default judgment (#30). Also before the court is the defendants' motion to dismiss (#28). Plaintiff has opposed the motion (#33). Defendants have not replied.

**I. Plaintiff's Motion for Default Judgment**

On June 5, 2009, plaintiff filed a motion for default judgment (#30). In it, he asserts that the defendants were required to file a responsive pleading within 20 days of service, and that their failure to do so entitles him to default judgment against them.

Under Fed. R. Civ. P. 12(a)(1)(A), a "defendant must serve an answer: (1) within 20 days after being served with the summons and complaint; or (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent. . . ." When a defendant files a Rule 12 motion to dismiss, he or she is not required to file an answer until 10 days after notice that the court has either denied the motion or postponed its disposition until trial. Fed. R. Civ. P. 12(a)(4). Motions to dismiss for failure to exhaust are treated as unenumerated Rule 12b motions. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).

---

[2] A request for waiver of service of summons was mailed to defendant Brown on April 6, 2009. The summons was returned unexecuted; thus, Brown has not been served. The explanation provided for the failure to complete service was that eleven correctional officers with the name Brown work at the facility, so it is impossible to identify the correct defendant. Unless and until plaintiff is able to provide information sufficient to identify the Brown against whom he seeks to proceed, the court will make no further orders directing service on that defendant.

2

The defendants[3] who have been served have all waived service of process under Rule 4(d).[4]  Therefore, their answers were not due until 60 days after the requests for waiver were sent, in this case no earlier than June 5, 2009.  The defendants timely filed a motion to dismiss for failure to exhaust on June 2, 2009, before the 60-day period elapsed.  Pursuant to Rule 12(a)(4), they will have to file an answer within 10 days of the court denying the motion or postponing its disposition, but not until that point.  Accordingly, default judgment against any of the defendants is not appropriate, and plaintiff's motion for default judgment (#30) is therefore **DENIED.**

**II. Defendants' Motion to Dismiss**

Defendants move to dismiss plaintiff's complaint for failure to exhaust.  Plaintiff opposes the motion on the grounds that he diligently pursued the appeals process to the extent he could.

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42

---

[3] Defendant Miguel executed a waiver of service of process via attorney Todd Darrow Irby, who represents all the other defendants who have appeared in this action.  "Miguel" is not listed as one of those defendants who joined in the motion to dismiss filed June 2, 2009. Rather, joining in the motion is one "M. Mojado," who is not named in plaintiff's complaint. The court infers that M. Mojado actually refers to Miguel.

[4] The first requests for waivers were mailed on April 6, 2009, and thereafter on May 13, 2009, May 19, 2009, and June 4, 2009.  Those mailed requests on April 6, 2009, had up to and including June 5, 2009, in which to file a responsive pleading; those mailed requests on May 13, 2009, May 19, 2009, and June 4, 2009, had until July 13, 2009, July 20, 2009, and August 4, 2009, respectively.

3

U.S.C. § 1997e(a).

Failure to exhaust nonjudicial remedies is treated as a matter in abatement and is subject to an unenumerated Rule 12(b) motion. *Wyatt*, 315 F.3d at 1119.  In deciding a motion to dismiss on such grounds, "the court may look beyond the pleadings and decide disputed issues of fact."  *Id.* at 1120.  If the court finds the prisoner has not exhausted his administrative remedies, the proper remedy is dismissal without prejudice.  *Id.*

Exhaustion is mandatory and is a prerequisite to all suits about prison life.  *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002).  There must be "proper exhaustion" of available administrative remedies, meaning the inmate must "us[e] all steps the agency holds out. . . ."  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Prisoners in the State of California have the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).  To exhaust administrative remedies in the California system, a prisoner must generally proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second-level appeal to the institution head or designee; and (4) third-level appeal to the Director of the California Department of Corrections.  *Id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  A final decision from the Director's level of review satisfies the exhaustion requirement. *Kirkpatrick v. Ayers*, 2007 WL 2694179, at *1 (N.D. Cal. 2007) (unpublished disposition).  Inmates are required to submit appeals

4

1  "within 15 working days of the event or decision being appealed, or
2  of receiving an unacceptable lower level appeal decision."  Cal.
3  Code Regs. tit. 15 § 3084.6(c).
4      Failure to exhaust administrative remedies is an affirmative
5  defense; defendants thus bear the burden of raising and proving the
6  absence of exhaustion.  *Brown v. Valoff*, 422 F.3d 926, 936 (9th
7  Cir. 2005) (quoting *Wyatt*, 315 F.3d at 1119).  Further, before the
8  court can find a failure to exhaust, the defendants must prove that
9  "*some* relief remained available" that the prisoner failed to
10 pursue, "whether at unexhausted levels of the grievance process or
11 through awaiting the results of the relief already granted as a
12 result of that process."  *Id.* at 936-37 (emphasis original).
13     Defendants assert that plaintiff's appeal was partially
14 granted at the first level and returned to him on October 10, 2007,
15 but that he did not file an appeal to the second level until
16 December 26, 2007, well outside the fifteen-day filing period.  The
17 second-level appeal was therefore rejected as untimely.  Because
18 plaintiff did not properly pursue all available remedies – that is,
19 appeal to the subsequent levels of review up to and including the
20 Director's level of review – defendants argue that he failed to
21 exhaust his administrative remedies.
22     Plaintiff contends that he did not receive the first-level
23 response on the date defendants claim to have returned the appeal
24 to him.  He claims that at 9 a.m. on October 10, 2007, he was
25 transferred to another prison, where he was placed first in
26 orientation status and later in administrative segregation.
27 Thereafter, he was transferred to yet another prison where he was
28 placed in administrative segregation.  During this time, plaintiff

5

1 asserts, his mail was being rerouted through the prison mail
2 system.  As a result, he did not receive the response to his first-
3 level appeal until December 11, 2007.  Plaintiff filed an appeal of
4 the decision on December 26, 2007 – within fifteen working days of
5 receiving it.  Because the appeal was screened out as untimely
6 (improperly so according to plaintiff), he was unable to pursue the
7 appeals process to the Director's Level of review.

8     Defendants do not reply to plaintiff's assertions, much less
9 provide any evidence to counter them.  The court therefore finds
10 that defendants have failed to meet their burden of showing that
11 plaintiff has failed to exhaust his administrative remedies.
12 Accordingly, the motion to dismiss (#28) is **DENIED.**

13     **IT IS THEREFORE ORDERED** that plaintiff's motion for default
14 judgment (#30) and defendants' motion to dismiss (#28) are **DENIED.**

15     DATED: This 16th day of July, 2009.

*[signature: Howard D. McKibben]*

_____

UNITED STATES DISTRICT JUDGE

6