1
2
3
4
5
6
7
8
9
10
11            **UNITED STATES DISTRICT COURT**
12         **FOR THE EASTERN DISTRICT OF CALIFORNIA**
13

MATTHEW JENNINGS,                )    2:08-cv-01305-HDM-RAM
                                 )
          Plaintiff,             )
                                 )    ORDER
vs.                              )
                                 )
A. MORELAND, et al.,             )
                                 )
          Defendants.            )
_____)

   The plaintiff has objected (#124) to the magistrate judge's order (#120) denying his motion for default judgment (#109), motion to compel (#88), motion for sanctions (#89), and objections to defense counsel's *ex parte* letter sent to the magistrate judge on August 25, 2010.

   Pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may issue an order regarding any motion that is not dispositive of the case. This court may reconsider a magistrate judge's order regarding a pretrial matter where "it has been shown that the

1


magistrate judge's ruling is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Plaintiff objects primarily to the magistrate judge's denial of his motion for default judgment against defendant Steward. Cases should generally be decided on their merits, and for that reason default judgments are not favored. *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988). Moreover, "[d]ue process limits the imposition of the severe sanctions of dismissal or default to extreme circumstances in which the deception relates to the matters in controversy and prevents their imposition merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case." *Brookhaven Typesetting Servs., Inc. v. Adobe Sys., Inc.*, 332 Fed. App'x 387, at *1 (9th Cir. 2009) (unpublished disposition) (quoting *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589, 591 (9th Cir. 1983)). The magistrate judge's denial of plaintiff's motion for default judgment was not clearly erroneous or contrary to law, and plaintiff's objections to that ruling are therefore **DENIED**.

Plaintiff also appears to object to the denial of his motions to compel and for sanctions as moot. At the time of the hearing on plaintiff's motions, defendant Steward had filed the requested discovery responses. Accordingly, the motion to compel was moot. Moreover, the court has discretion to award or refuse to award sanctions. *Malumphy v. Captain Cluff*, 189 F.3d 473, at *1 (9th Cir. 1999) (unpublished opinion) (citing *Payne v. Exxon Corp.*, 121 F.3d 503, 507 (9th Cir. 1997)). The magistrate judge's denials of

the motion to compel and the motion for sanctions were not clearly erroneous or contrary to law, and plaintiff's objections to that ruling are therefore **DENIED**.

Finally, plaintiff objects to the magistrate judge's consideration of a letter and eight attached exhibits sent by defense counsel, *ex parte* and *in camera*, to the court. The letter was in opposition to the plaintiff's motion for default judgment. At the hearing, the magistrate judge ordered the letter to be filed on the docket and the exhibits to be filed under seal. The court cannot concluded that this decision was clearly erroneous or contrary to the law, particularly as the exhibits, which consist of letters and emails between defense counsel, defendant Steward, employees of the California Attorney General's Office and employees of the California Department of Corrections, constitute attorney work product. To the extent plaintiff's complaint is that the court did not impose sanctions for the alleged improper communication, sanctions are within the court's discretion, and the magistrate judge did not clearly err in this respect.

For the foregoing reasons, plaintiff's objections (#124) to the magistrate judge's denial of his motions and objections (#88, #89, and #109) are hereby **DENIED**.

DATED: This 14th day of December, 2010.

*Howard D McKibben*
_____
UNITED STATES DISTRICT JUDGE

3