IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW G. JENNINGS,

    Plaintiff,                   No. CIV S-08-1305 LKK CKD P

   vs.

A. MORELAND, et al.

    Defendants.           ORDER

/

        Plaintiff is a state prisoner proceeding without counsel in an action under 42 U.S.C. § 1983. He has brought claims of deliberate indifference to a serious medical need and claims of failure to protect. All of the defendants are alleged to have been employed at California State Prison-Sacramento (CSP-Sac), where plaintiff was incarcerated at the time of the incidents described in the amended complaint. There are several discovery-related motions pending before the court.

        1.     <u>Defendants' motion to quash subpoena duces tecum</u>

        Defendants have collectively moved to quash the subpoena duces tecum plaintiff served on the Internal Affairs Department (IAD) of the California Department of Corrections and Rehabilitation (CDCR), on September 21, 2010. Their grounds for quashing the subpoena are purely technical: (1) the subpoena was not served on any named person, and (2) plaintiff served the subpoena himself, via U.S. Mail, rather than through a non-party. <u>See</u> Motion (Docket No.

1

1  137). For both arguments, defendants rely on Federal Rule of Civil Procedure 45(b)(1).

2  "Ordinarily a party has no standing to seek to quash a subpoena issued to someone
3  who is not a party to the action, unless the objecting party claims some personal right or privilege
4  with regard to the documents sought." Fenstermacher v. Moreno, 2010 WL 5071042 at *2 (E.D.
5  Cal.) (internal quotations and citations omitted). "Absent a specific showing of privilege or
6  privacy, a court cannot quash a subpoena duces tecum" when asked to do so by a party to the
7  lawsuit. Windsor v. Martindale, 175 F.R.D. 665, 668 (D.Col. 1997). If a party fails to provide a
8  legitimate privilege or privacy interest in a subpoena that is directed at someone else, objections
9  based on alleged technical violations, such as improper service, cannot be the basis of quashing
10 it. Id.

11  The court will deny the motion to quash because defendants do not have standing
12 to bring it. The subpoena seeks letters that plaintiff had written to IAD and "any and all
13 documents concerning investigation(s) conducted by the Internal Affairs Division for Jennings
14 being assaulted on August 1, 2007." Motion, Ex. A. As stated above, all of the defendants are
15 alleged to have been correctional officers or employees at CSP-Sac while plaintiff was
16 incarcerated there. None of the defendants has been an officer or employee at IAD at any time
17 relevant to this action, nor is any defendant sued in an official capacity such that he or she would
18 have standing to object on behalf of CDCR or IAD – neither of which, incidentally, has appeared
19 in this case to object to the subpoena. Most importantly, none of the defendants alleges any
20 privacy interest in any document sought through the subpoena.

21  The fact that defendants were at the time of the alleged incidents employed by
22 CDCR does not give defendants standing to challenge the subpoena: the division between their
23 potential, individual liability under § 1983, with which they are charged in the amended
24 complaint, and CDCR's official liability, which is not charged, is well established. CDCR and
25 these defendants are wholly separate legal entities. In fact, it is worth noting that CDCR
26 employees who were named as defendants in other cases in this court have served Rule 45

subpoenas on CDCR to obtain records about the inmate-plaintiffs who sued them, and they have won at least partial relief against CDCR's attempts as a non-party to quash those subpoenas. See, e.g., Delaney v. Tilton, 2008 WL 4298179 (E.D.Cal.).[1]

    2.    Plaintiff's motion to compel

Plaintiff has filed a motion to compel, in which he seeks an order that defendants respond to his Request for Production No. 12. The request is for "[a]ll documents containing the rights and responsibilities of employees under civil service." Motion at 2 (Docket No. 146). Defendants state that the motion has become moot because they have produced the documents requested. See Opposition at 2 (Docket No. 156). Plaintiff has not disputed defendants' representation that they have complied with the discovery request. Therefore the motion is moot.

    3.    Plaintiff's motion for sanctions

On September 15, 2010, the visiting magistrate judge then assigned to this case ordered defendants to give plaintiff the opportunity to review his central file ("C-File") within fifteen days of the order. See Docket No. 120. The order states that "[i]f this does not occur, the responsible prison official shall appear before this Court in Reno, NV, to show cause why sanctions should not be imposed." Id. On December 15, 2010, plaintiff filed a motion for sanctions, stating that he still had not seen his C-File. See Motion (Docket No. 145).

Defendants have not responded to the motion for sanctions. However, they have produced a letter from plaintiff, dated January 2, 2011, in which plaintiff acknowledges he "was finally able to review my C-File on Thursday [December] the 30th. Thank you for your assistance in this matter." Motion for Extension of Time, Attachment 1 (Docket No. 154). Although defendants are still bound to show cause why they should not be sanctioned under the court's

---

[1] In Delaney, CDCR objected as a non-party to a CDCR employee-defendant's subpoena for "any witness statements and interviews conducted during the course of CDCR's Internal Affairs investigation into the incident giving rise to this action" – a request virtually identical to plaintiff's here. Id. at *4. The court denied that portion of the motion to quash, finding such information was "relevant and discoverable." Id.

order of September 15, 2010, the court finds that plaintiff's motion for sanctions is now moot.

    4.    <u>Plaintiff's motion for priority library access</u>

On April 15, 2011, the district judge currently assigned to this case reversed the magistrate judge's denial of plaintiff's motion for priority access to the prison's legal library. <u>See</u> Order (Docket No. 161). The district judge made his ruling "[i]n light of the prior grants to plaintiff's nearly identical motions and in the interest of justice[.]" <u>Id.</u> at 2. The six-month period of priority access created under that order expires on October 18, 2011. <u>Id.</u> Plaintiff now seeks an additional six-month period of priority access, to begin October 19, 2011. Hearing no objection from defendants and keeping with the court's current position, as stated in the district judge's order of April 15, 2011, the court will grant plaintiff's request.

    5.    <u>Scheduling</u>

While this case was still under the purview of visiting magistrate and district judges, plaintiff filed at least four discovery motions. <u>See</u> Docket Nos. 115, 116, 119, and 123. On October 26, 2010, the visiting magistrate judge denied all of them. <u>See</u> Docket Nos. 134-36. However, the visiting district judge vacated the magistrate judge's orders and gave defendants until December 22, 2010, to file merit-based oppositions to those four discovery motions. <u>See</u> Order, Docket No. 141. Defendants twice moved for additional time to respond to the motions and finally filed oppositions on January 31, 2011.[2] In the meantime, the visiting district judge recused himself from this action, and the case was reassigned to the original district and magistrate judges.

This case requires a scheduling order to place it on track for final resolution. The parties have had ample time in которой to conduct discovery, but the four discovery motions revived by the visiting district judge remain pending. It is not entirely clear which, if any, of those four motions are still ripe for decision or whether the parties have since worked out all or

---

[2] Those motions for extensions of time are still pending and now moot.

some of their differences on plaintiff's many discovery requests.  Therefore, the court will allow short, additional time for the renewal of any remaining discovery as well as the filing of any new discovery motions that the parties deem necessary.  The court will also instruct each side to clarify for the court which of plaintiff's four outstanding discovery motions (again, Docket Nos. 115, 116, 119, and 123) still require decision.  The court will also set a deadline for the filing of dispositive motions.

          Accordingly, IT IS HEREBY ORDERED that:

          1.  Defendants' motion to quash subpoena duces tecum (Docket No. 137) is denied.

          2.  Plaintiff's motion to compel (Docket No. 146) is moot.

          3.  Plaintiff's motion for sanctions (Docket No. 145) is moot.

          4.  Plaintiff's motion for priority law library access (Docket No. 164) is granted. Plaintiff Matthew G. Jennings, CDCR No. K-53172, shall be allowed six months priority legal library use, effective October 19, 2011, through April 19, 2011.

          5.  Defendants' motions for extensions of time (Docket Nos. 149 and 154) are moot.  Defendants' oppositions of January 31, 2011 (Docket Nos. 155 and 156) are accepted as timely filed.

          6.  The court sets the schedule for this action as follows:

          a.  The parties have until November 21, 2011, in which to conduct any remaining discovery as well as file any new discovery motions allowed under the Federal Rules of Civil Procedure.  The court will deny any discovery motion filed after November 21, 2011, as untimely.

          b.  The parties have until February 21, 2011, in which to file any non-discovery motions, including motions for summary judgment.

          c.  Each party will submit to the court a status report clarifying which of plaintiff's four outstanding discovery motions (Docket Nos. 115, 116, 119, and 123) still require

1 decision, if any.  These status reports are due no later than October 4, 2011.

2       7.  Defendants have seven days from the entry of this order in which to show 3 cause why they should not be sanctioned for failing to provide plaintiff the opportunity to review 4 his C-File within fifteen days of the court's order of September 15, 2010 (Docket No. 120).

Dated: September 22, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
jenn1305.ord