1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MATTHEW G. JENNINGS,

11          Plaintiff,                    No. CIV S-08-1305 LKK CKD P

12       vs.

13   A. MORELAND, et al.,

14          Defendants.                   ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. §

17   1983.  He alleges that defendants Moreland and Bartel, both of whom were at the relevant time

18   correctional officers employed by the California Department of Corrections and Rehabilitation

19   (CDCR), failed to protect him from an assault by other inmates on August 1, 2007.  See First

20   Amended Complaint at 7 (Docket No. 17).[1]  Several motions are pending before the court.

21       I.   Motion to quash

22          On September 21, 2010, plaintiff served a subpoena duces tecum on the Internal

23   Affairs Division (IAD) of CDCR.  The subpoena seeks letters that plaintiff had written to IAD

24   and "any and all documents concerning investigation(s) conducted by the Internal Affairs

25   _____

26          [1] Throughout this order, the court references the page numbers assigned to documents by
the court's CM/ECF system, where applicable.

                                        1

1   Division for Jennings being assaulted on August 1, 2007."  The defendants collectively moved to

2   quash the subpoena, but the court denied the motion on September 22, 2011, on the ground that

3   the individual defendants do not have standing to quash a subpoena served on the IAD or CDCR,

4   which are not parties to this action.  See Order (Docket No. 165).  Now CDCR has filed a motion

5   to quash, arguing the subpoena (1) was not properly served, (2) seeks information that could, if

6   disclosed, pose a security risk and is therefore protected, (3) is overly broad and places an undue

7   burden on CDCR, and (4) cannot be enforced against CDCR under the immunity provided by the

8   Eleventh Amendment.  Plaintiff has filed an opposition to the motion.

9               A.   Service of the subpoena

10              There is no dispute that plaintiff served the subpoena on IAD by placing it in the

11  outgoing first class mail from Mule Creek State Prison, where he was incarcerated at the time.

12  CDCR argues that "[R]ule 45 explicitly precludes parties from attempting to personally

13  effectuate service" and that the signed proof of service "indicates that [plaintiff]... served his

14  subpoena upon Internal affairs via institutional legal mail and that he, as opposed to a third party,

15  personally attempted service of the subpoena."  Motion at 5 (Docket No. 172).  The relevant text

16  of the Rule, which CDCR fails to cite, states that "[a]ny person who is 18 years old and not a

17  party may serve a subpoena.  Serving a subpoena requires delivering a copy to the named

18  person...."  Fed. R. Civ. P. 45(b)(1).  CDCR does not explain how placing the subpoena in the

19  mail for delivery by the U.S. Post Office does not meet the Rule's definition of "service" as

20  "delivering a copy to the named person."[2]  Furthermore, defective service does not appear in any

21  of the enumerated grounds for quashing a subpoena.  See Fed. R. Civ. P. 45(c)(3)(A), (B).  The

22

23          [2] There is currently a split in the federal judiciary as to whether Rule 45(b)(1) requires
    personal in-hand delivery of a subpoena or whether another method, such as mail delivery,
24  suffices as long as it gives the person served fair notice and an opportunity to object or file a
    motion to quash.  See, e.g., Hall v. Sullivan, 229 F.R.D. 501, 503-06 (D.Md. 2005) (collecting
25  cases and discussing in depth the majority and minority interpretations of the meaning of
    "service" under Rule 45).  CDCR received fair notice here and does not contend otherwise.
26  Therefore the court need not analyze the competing views of that aspect of the Rule.

1 | method of service in this case is not a ground for quashing the subpoena.

2 |         B.  <u>Confidentiality of the requested documents</u>

3 |         Rule 45(c)(3)(A)(iii) mandates quashing a subpoena if it "requires disclosure of

4 | privileged or other protected matter, if no exception or waiver applies[.]"  Under California law,

5 | "[t]here is a valid state interest in keeping certain prison inmate records confidential to (1)

6 | protect individuals, including informants inside and outside of prison, (2) insure institutional

7 | security, and (3) encourage candor and complete disclosure of information concerning inmates

8 | from both public officials and private citizens."  <u>Ochoa v. Superior Court</u>, 199 Cal.App.4th 1274,

9 | 1280 (2011).  However, this court has held that "state privilege does not govern these

10 | proceedings."  <u>Delaney v. Tilton</u>, 2008 WL 4298179 at *2 (E.D. Cal.) (citing <u>Jackson v. County</u>

11 | <u>of Sacramento</u>, 175 F.R.D. 653, 655 (E.D. Cal.1997)).[3]  Instead, this court relies on the "federal

12 | common law" of privilege and confidentiality embedded in the rules of civil procedure:

13 |         To the extent that CDCR seeks to invoke official information privilege pursuant to federal common law, the party invoking the

14 |         privilege must submit an affidavit or declaration showing that the agency generated or collected the information and maintained its

15 |         confidentiality; the declarant reviewed the materials personally; there is a specific governmental or privacy interest that would be

16 |         threatened by disclosure; a description of how disclosure subject to a carefully crafted protective order would create a substantial risk

17 |         of harm to significant governmental or privacy interests; and an assessment of the extent of the harm that would result from

18 |         disclosure.

19 | <u>Id.</u> (citations omitted).  These requirements require a party moving to quash a subpoena on the

20 | grounds of confidentiality or privilege to provide detailed, case-specific reasons why a complete

21 | bar to the disclosure of relevant material is the only viable option in responding to the subpoena.

22 | CDCR has not done that.  The only sworn declaration submitted in support of the motion is the

23 | affidavit of CDCR's attorney, who gives the boilerplate explanation that "the documents sought

24 | have been deemed to pose a significant risk and/or security risk to inmates, staff, third parties,

25 |

26 |       [3] For the same reason, the privileges created by California's Information Practices Act of 1977, on which CDCR relies in part, have no effect here.  <u>Id.</u>

1   and/or the institution[.]" Declaration of Arica Bryant-Presinal, ¶ 3 (Docket No. 172-1).  The

2   court cannot quash plaintiff's effort to obtain documents that appear to be relevant without

3   substantially more justification than that.

4              Still, the court is not insensitive to the possibility that prison informants or staff

5   might be endangered by unfettered disclosure of the material sought by the subpoena.  As

6   Delaney clearly states, "a carefully crafted protective order" is an effective tool with which the

7   court could strike a balance between plaintiff's right to seek meaningful discovery and CDCR's

8   valid interest in protecting information related to this case specifically and its information-

9   gathering practices in general.  The defendants have already moved for a lengthy extension of the

10  deadline for filing dispositive motions to June 21, 2012.  Although extensions of that length are

11  not the norm, the court finds that one is warranted in this case to allow for further definition and

12  resolution of the confidentiality and security issues surrounding the documents plaintiff seeks

13  from CDCR.  Therefore the court will extend the deadline for filing dispositive motions and

14  allow time for additional discovery limited to defining the proper parameters of a protective order

15  or other mechanism by which both plaintiff's and CDCR's interests can be served.

16             The court's concerns about the possible sensitivity of CDCR's material apply only

17  to the documents that IAD generated in investigating the assault of August 1, 2007.  CDCR has

18  not explained how plaintiff's request for letters he wrote to IAD about the assault are privileged

19  or confidential or how they could pose a security risk.  Moreover, the court does not find the

20  subpoena is overly broad or unduly burdensome.  The request for documents IAD generated in

21  investigating the August 1, 2007, assault is reasonably limited in scope.  And although the

22  subpoena does not expressly impose the same time limitation on its request for letters that

23  plaintiff wrote to IAD, the court will impose that limitation and require CDCR to produce any

24  letters in its possession that plaintiff wrote concerning the assault of August 1, 2007.  CDCR will

25  produce those letters no later than April 4, 2012.  Furthermore, CDCR will have fourteen days in

26  which to move for a protective order that addresses all of the requirements and concerns detailed

1  above, especially the requirements adopted from <u>Delaney</u>.  Plaintiff will have fourteen days in

2  which to respond to that motion.  His response should include any objections to CDCR's

3  proposed protective order and any proposals on how to expand or limit the protective order.  If

4  CDCR fails to file a motion in compliance with this order, CDCR must produce <u>all</u> documents

5  reasonably responsive to the subpoena no later than April 4, 2012.

6              C.   Eleventh Amendment immunity

7              CDCR asserts that the Eleventh Amendment immunizes a state agency from

8  complying with an otherwise enforceable subpoena in a case to which it is not a party.  To the

9  extent there is a split of opinion within this district on that question, the court follows the

10  reasoning expressed in <u>Allen v. Woodford</u>, 544 F.Supp.2d 1074, 1080 (E.D. Cal. 2008):

11  "[b]ecause the Supreme Court has construed Eleventh Amendment immunity to [apply to]

12  liability from suit to avoid the possibility that a judgment will be paid out of the State's treasury

13  or because the judgment will affect the public administration, the Eleventh Amendment, by its

14  terms and purposes, does not apply to nor does it bar enforcement of the subpoenas here at

15  issue."

16       II.   Miscellaneous motions

17              On September 22, 2011, the court ordered defendants to show cause why they

18  should not be sanctioned for failing to ensure, pursuant to a previous order, that plaintiff would

19  have the opportunity to review his C-file no later than September 30, 2010.  <u>See</u> Order at 3-4, 6

20  (Docket No. 165).  Defendants moved for a one-day extension of the deadline to show cause.

21  That request will be granted <u>nunc pro tunc</u>.

22              Defendants have satisfactorily explained why there was a delay in producing

23  plaintiff's C-file.  The court finds that sanctions are not warranted.

24              Plaintiff has moved for sanctions on the ground that CDCR has filed a frivolous

25  "second" motion to quash the subpoena.  There is no merit in that argument.  As explained in the

26  court's order of September 22, 2011, the individual defendants had no standing to bring a motion

1    to quash the subpoena.  This is, therefore, CDCR's first attempt to quash it.  Moreover, CDCR

2    has brought several grounds for quashing the subpoena that defendants did not assert, so the

3    instant motion cannot be said to be duplicative or frivolous.  Finally, although the defendants'

4    lack of standing ought to have been plainly apparent to CDCR's attorneys when CDCR received

5    the subpoena, and while CDCR's decision to pass the responsibility of moving to quash the

6    subpoena to defendants resulted in wasting a significant period of time and a substantial risk of

7    waiving any right to object to the subpoena, it appears plaintiff agreed to an extension of time to

8    allow CDCR to file its motion after the defendants' attempt to quash the subpoena failed.[4]  The

9    motion for sanctions will be denied.

10                   Accordingly, IT IS HEREBY ORDERED that:

11                   1.   The motion to quash the subpoena (Docket No. 172) is denied.

12                   2.   Plaintiff's motion for sanctions and a contempt hearing (Docket No. 173 ) is

13   denied.

14                   3.   The motion to modify the scheduling order (Docket No. 176) is granted.  The

15   parties shall file dispositive motions no later than June 21, 2012.

16                   4.   CDCR has thirty days from the entry of this order in which to produce to

17   plaintiff copies of letters he wrote to CDCR or its Internal Affairs Division concerning the assault

18   of August 1, 2007.  CDCR has fourteen days from the entry of this order in which to move for a

19   protective order concerning documents generated by its Internal Affairs Division in the

20   investigation of the assault of August 1, 2007.  Plaintiff will have fourteen days from his receipt

21   of any such motion in which to respond.  If CDCR fails to file a motion for protective order

22   within fourteen days, CDCR shall produce all documents reasonably responsive to the subpoena

23   no later than April 4, 2012.  Failure to do so may result in the imposition of sanctions.  The court

24

25        [4] Fed. R. Civ. P. 45(c)(3)(A) authorizes a court to quash a subpoena "[o]n timely
     motion[.]"  Only plaintiff's agreement to allow CDCR to respond to the subpoena by November
     28, 2011, rendered the instant motion timely.  See Declaration of Arica Bryant-Presinal, Exhibit
26   C at 17 (Docket No. 172-1).

1   will not grant any extensions to this schedule without a showing of extraordinary circumstances.

2          5.   The motion for an extension of time, nunc pro tunc (Docket No. 167), is

3   granted.  The court finds that the imposition of sanctions for failing to provide plaintiff with his

4   C-file before September 30, 2010, is unwarranted.

5    Dated: March 6, 2012

6                                                          _____

7                                                          CAROLYN K. DELANEY
                                                           UNITED STATES MAGISTRATE JUDGE

8

9

10   3
     jenn1305.ord

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26