IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW G. JENNINGS,

     Plaintiff,                            No. CIV S-08-1305 LKK CKD P

     vs.

A. MORELAND, et al.,

     Defendants.                <u>ORDER</u>

          Plaintiff is a state prisoner proceeding pro se with an action under 42 U.S.C. § 1983. He alleges that defendants Moreland and Bartel, both of whom were at the relevant time correctional officers employed by the California Department of Corrections and Rehabilitation (CDCR), failed to protect him from an assault by other inmates on August 1, 2007. See First Amended Complaint at 7 (Docket No. 17).[1] Several motions are pending before the court.

     I.  <u>Motion to quash</u>

          On September 21, 2010, plaintiff served a subpoena duces tecum on the Internal Affairs Division (IAD) of CDCR. The subpoena seeks letters that plaintiff had written to IAD and "any and all documents concerning investigation(s) conducted by the Internal Affairs

---

[1] Throughout this order, the court references the page numbers assigned to documents by the court's CM/ECF system, where applicable.

1

Division for Jennings being assaulted on August 1, 2007." The defendants collectively moved to quash the subpoena, but the court denied the motion on September 22, 2011, on the ground that the individual defendants do not have standing to quash a subpoena served on the IAD or CDCR, which are not parties to this action. See Order (Docket No. 165). Now CDCR has filed a motion to quash, arguing the subpoena (1) was not properly served, (2) seeks information that could, if disclosed, pose a security risk and is therefore protected, (3) is overly broad and places an undue burden on CDCR, and (4) cannot be enforced against CDCR under the immunity provided by the Eleventh Amendment. Plaintiff has filed an opposition to the motion.

### A. Service of the subpoena

There is no dispute that plaintiff served the subpoena on IAD by placing it in the outgoing first class mail from Mule Creek State Prison, where he was incarcerated at the time. CDCR argues that "[R]ule 45 explicitly precludes parties from attempting to personally effectuate service" and that the signed proof of service "indicates that [plaintiff]... served his subpoena upon Internal affairs via institutional legal mail and that he, as opposed to a third party, personally attempted service of the subpoena." Motion at 5 (Docket No. 172). The relevant text of the Rule, which CDCR fails to cite, states that "[a]ny person who is 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person...." Fed. R. Civ. P. 45(b)(1). CDCR does not explain how placing the subpoena in the mail for delivery by the U.S. Post Office does not meet the Rule's definition of "service" as "delivering a copy to the named person."[2] Furthermore, defective service does not appear in any of the enumerated grounds for quashing a subpoena. See Fed. R. Civ. P. 45(c)(3)(A), (B). The

---

[2] There is currently a split in the federal judiciary as to whether Rule 45(b)(1) requires personal in-hand delivery of a subpoena or whether another method, such as mail delivery, suffices as long as it gives the person served fair notice and an opportunity to object or file a motion to quash. See, e.g., Hall v. Sullivan, 229 F.R.D. 501, 503-06 (D.Md. 2005) (collecting cases and discussing in depth the majority and minority interpretations of the meaning of "service" under Rule 45). CDCR received fair notice here and does not contend otherwise. Therefore the court need not analyze the competing views of that aspect of the Rule.

method of service in this case is not a ground for quashing the subpoena.

    B. <u>Confidentiality of the requested documents</u>

    Rule 45(c)(3)(A)(iii) mandates quashing a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Under California law, "[t]here is a valid state interest in keeping certain prison inmate records confidential to (1) protect individuals, including informants inside and outside of prison, (2) insure institutional security, and (3) encourage candor and complete disclosure of information concerning inmates from both public officials and private citizens." <u>Ochoa v. Superior Court</u>, 199 Cal.App.4th 1274, 1280 (2011). However, this court has held that "state privilege does not govern these proceedings." <u>Delaney v. Tilton</u>, 2008 WL 4298179 at *2 (E.D. Cal.) (citing <u>Jackson v. County of Sacramento</u>, 175 F.R.D. 653, 655 (E.D. Cal.1997)).[3] Instead, this court relies on the "federal common law" of privilege and confidentiality embedded in the rules of civil procedure:

> To the extent that CDCR seeks to invoke official information privilege pursuant to federal common law, the party invoking the privilege must submit an affidavit or declaration showing that the agency generated or collected the information and maintained its confidentiality; the declarant reviewed the materials personally; there is a specific governmental or privacy interest that would be threatened by disclosure; a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests; and an assessment of the extent of the harm that would result from disclosure.

<u>Id.</u> (citations omitted). These requirements require a party moving to quash a subpoena on the grounds of confidentiality or privilege to provide detailed, case-specific reasons why a complete bar to the disclosure of relevant material is the only viable option in responding to the subpoena. CDCR has not done that. The only sworn declaration submitted in support of the motion is the affidavit of CDCR's attorney, who gives the boilerplate explanation that "the documents sought have been deemed to pose a significant risk and/or security risk to inmates, staff, third parties,

---

[3] For the same reason, the privileges created by California's Information Practices Act of 1977, on which CDCR relies in part, have no effect here. <u>Id.</u>

3

1  and/or the institution[.]" Declaration of Arica Bryant-Presinal, ¶ 3 (Docket No. 172-1). The
2  court cannot quash plaintiff's effort to obtain documents that appear to be relevant without
3  substantially more justification than that.
4        Still, the court is not insensitive to the possibility that prison informants or staff
5  might be endangered by unfettered disclosure of the material sought by the subpoena. As
6  <u>Delaney</u> clearly states, "a carefully crafted protective order" is an effective tool with which the
7  court could strike a balance between plaintiff's right to seek meaningful discovery and CDCR's
8  valid interest in protecting information related to this case specifically and its information-
9  gathering practices in general. The defendants have already moved for a lengthy extension of the
10 deadline for filing dispositive motions to June 21, 2012. Although extensions of that length are
11 not the norm, the court finds that one is warranted in this case to allow for further definition and
12 resolution of the confidentiality and security issues surrounding the documents plaintiff seeks
13 from CDCR. Therefore the court will extend the deadline for filing dispositive motions and
14 allow time for additional discovery limited to defining the proper parameters of a protective order
15 or other mechanism by which both plaintiff's and CDCR's interests can be served.
16       The court's concerns about the possible sensitivity of CDCR's material apply only
17 to the documents that IAD generated in investigating the assault of August 1, 2007. CDCR has
18 not explained how plaintiff's request for letters he wrote to IAD about the assault are privileged
19 or confidential or how they could pose a security risk. Moreover, the court does not find the
20 subpoena is overly broad or unduly burdensome. The request for documents IAD generated in
21 investigating the August 1, 2007, assault is reasonably limited in scope. And although the
22 subpoena does not expressly impose the same time limitation on its request for letters that
23 plaintiff wrote to IAD, the court will impose that limitation and require CDCR to produce any
24 letters in its possession that plaintiff wrote concerning the assault of August 1, 2007. CDCR will
25 produce those letters no later than April 4, 2012. Furthermore, CDCR will have fourteen days in
26 which to move for a protective order that addresses all of the requirements and concerns detailed

above, especially the requirements adopted from <u>Delaney</u>. Plaintiff will have fourteen days in which to respond to that motion. His response should include any objections to CDCR's proposed protective order and any proposals on how to expand or limit the protective order. If CDCR fails to file a motion in compliance with this order, CDCR must produce <u>all</u> documents reasonably responsive to the subpoena no later than April 4, 2012.

      C.  <u>Eleventh Amendment immunity</u>

CDCR asserts that the Eleventh Amendment immunizes a state agency from complying with an otherwise enforceable subpoena in a case to which it is not a party. To the extent there is a split of opinion within this district on that question, the court follows the reasoning expressed in <u>Allen v. Woodford</u>, 544 F.Supp.2d 1074, 1080 (E.D. Cal. 2008): "[b]ecause the Supreme Court has construed Eleventh Amendment immunity to [apply to] liability from suit to avoid the possibility that a judgment will be paid out of the State's treasury or because the judgment will affect the public administration, the Eleventh Amendment, by its terms and purposes, does not apply to nor does it bar enforcement of the subpoenas here at issue."

  II.  <u>Miscellaneous motions</u>

On September 22, 2011, the court ordered defendants to show cause why they should not be sanctioned for failing to ensure, pursuant to a previous order, that plaintiff would have the opportunity to review his C-file no later than September 30, 2010. <u>See</u> Order at 3-4, 6 (Docket No. 165). Defendants moved for a one-day extension of the deadline to show cause. That request will be granted <u>nunc pro tunc</u>.

Defendants have satisfactorily explained why there was a delay in producing plaintiff's C-file. The court finds that sanctions are not warranted.

Plaintiff has moved for sanctions on the ground that CDCR has filed a frivolous "second" motion to quash the subpoena. There is no merit in that argument. As explained in the court's order of September 22, 2011, the individual defendants had no standing to bring a motion

5

to quash the subpoena. This is, therefore, CDCR's first attempt to quash it. Moreover, CDCR has brought several grounds for quashing the subpoena that defendants did not assert, so the instant motion cannot be said to be duplicative or frivolous. Finally, although the defendants' lack of standing ought to have been plainly apparent to CDCR's attorneys when CDCR received the subpoena, and while CDCR's decision to pass the responsibility of moving to quash the subpoena to defendants resulted in wasting a significant period of time and a substantial risk of waiving <u>any</u> right to object to the subpoena, it appears plaintiff agreed to an extension of time to allow CDCR to file its motion after the defendants' attempt to quash the subpoena failed.[4] The motion for sanctions will be denied.

          Accordingly, IT IS HEREBY ORDERED that:

          1. The motion to quash the subpoena (Docket No. 172) is denied.

          2. Plaintiff's motion for sanctions and a contempt hearing (Docket No. 173 ) is denied.

          3. The motion to modify the scheduling order (Docket No. 176) is granted. The parties shall file dispositive motions no later than June 21, 2012.

          4. CDCR has thirty days from the entry of this order in which to produce to plaintiff copies of letters he wrote to CDCR or its Internal Affairs Division concerning the assault of August 1, 2007. CDCR has fourteen days from the entry of this order in which to move for a protective order concerning documents generated by its Internal Affairs Division in the investigation of the assault of August 1, 2007. Plaintiff will have fourteen days from his receipt of any such motion in which to respond. If CDCR fails to file a motion for protective order within fourteen days, CDCR shall produce all documents reasonably responsive to the subpoena no later than April 4, 2012. Failure to do so may result in the imposition of sanctions. The court

---

[4] Fed. R. Civ. P. 45(c)(3)(A) authorizes a court to quash a subpoena "[o]n timely motion[.]" Only plaintiff's agreement to allow CDCR to respond to the subpoena by November 28, 2011, rendered the instant motion timely. <u>See</u> Declaration of Arica Bryant-Presinal, Exhibit C at 17 (Docket No. 172-1).

will not grant any extensions to this schedule without a showing of extraordinary circumstances.

   5.  The motion for an extension of time, nunc pro tunc (Docket No. 167), is granted.  The court finds that the imposition of sanctions for failing to provide plaintiff with his C-file before September 30, 2010, is unwarranted.

Dated: March 6, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
jenn1305.ord