IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW G. JENNINGS

      Plaintiff,                     No.  2:08-cv-01305 LKK CKD P

  vs.

A. MORELAND, et al.,

      Defendants.              <u>ORDER</u>

_____/

      Plaintiff, a state prisoner, proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Defendants' motion for summary judgment is currently pending.  Plaintiff has filed a September 11, 2012 request to stay proceedings and a September 18, 2012 request for preliminary injunction.  Plaintiff's April 11, 2012 motion to compel discovery and April 18, 2012 motion for ruling on pending discovery are also before the court.

      I.      <u>Motion to Stay Proceedings</u> (Dkt. No. 191)

      In his request to stay proceedings filed on September 11, 2012, plaintiff states he is unable to complete his opposition to defendants' motion for summary judgment by the current deadline due to an upcoming transfer and anticipated separation from his personal property.  Based on the content of the motion, plaintiff's filing will be construed as a motion for extension of time.  Good cause appearing, an extension of time of 30 days from the date of this order will

1

be granted.

II.     Motion for Preliminary Injunction (Dkt. 192)

On September 18, 2012, plaintiff requested a preliminary injunction prohibiting the California Department of Corrections from transferring him to another facility on the basis that such a transfer will interfere with his ability to respond to defendants' motion for summary judgment.

The legal principles applicable to a request for injunctive relief are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  Id.

The gravamen of plaintiff's second amended complaint concerns the defendants' alleged failure to protect plaintiff during an incident that occurred on August 1, 2007 while plaintiff was housed at California State Prison-Sacramento.  The instant motion for injunctive relief has nothing to do with the operative claims in this case.  In order for a preliminary injunction prohibiting plaintiff's transfer to issue, plaintiff would have to make a good cause showing that without it, he would be significantly impeded from litigating this action.  See Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002) ("For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted.").  Here, plaintiff's conclusory allegations of hardship resulting from temporary separation from his personal property during a


transfer are insufficient to meet this burden.  Plaintiff's request will be denied.

### III.   Motion to Compel (Dkt. 181)

On April 11, 2012, plaintiff filed a motion to compel, requesting this court to order the California Department of Corrections and Rehabilitation (CDCR), a non-party, to "turn over all documents currently in their possession relating to [plaintiff's] being assaulted and shot at C.S.P. Sacramento on August 1, 2007[,]" and in particular, a letter he wrote to Internal Affairs on August 13, 2007.  Dkt. 181 at 1.  Plaintiff's motion seeks to enforce a September 21, 2010 subpoena duces tecum he served on CDCR.

A motion to compel is the remedy under the Federal Rules of Civil Procedure to compel a party's compliance with a discovery request; it is not the applicable procedure to address a non-party's alleged refusal to comply with a subpoena duces tecum and a subsequent court order to do so.  A failure to comply with a subpoena without adequate excuse is a contempt of court.  See Fed. R. Civ. P. 45(e) ("The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena.").  Accordingly, petitioner's motion to compel directed against non-party CDCR will be construed as an application for an order to show cause why a contempt citation should not be issued.  See Id.  For the reasons that follow, however, a finding of contempt is unwarranted.

As stated, the requested discovery material is the subject of plaintiff's September 21, 2010 subpoena duces tecum which was served on the Internal Affairs Division (IAD) of CDCR. On November 28, 2011, CDCR filed a motion to quash the subpoena.  The motion was denied in this court's order of March 6, 2012 (Dkt. No. 178), in which CDCR was given 30 days to produce to plaintiff copies of letters he wrote to CDCR or its Internal Affairs Division concerning the assault of August 1, 2007.  CDCR was also given fourteen days in which to move for a protective order concerning documents generated by its Internal Affairs Division in the investigation of the assault of August 1, 2007; if no motion for protective order was filed, CDCR was to produce all documents reasonably responsive to the subpoena no later than April 4, 2012.

Dkt. 178 at 6-7.

On April 4, 2012, CDCR filed a notice of deposit of documents stating that, with respect to documents sought specifically from IAD, there were no responsive documents to provide. Dkt. 180 at 2-3. CDCR produced to plaintiff 36 pages of responsive documents from California State Prison- Sacramento, the institution where plaintiff was housed when the August 1, 2007 incident occurred. Dkt. 180 at 3. CDCR, through its declarant, states "[a]ll records/documentation within its possession and control and responsive to subpoena issued in this matter have produced to plaintiff's [*sic*] at his current location..." Dkt. 180 at 2.

Plaintiff takes issue with the fact that CDCR did not produce the letter he wrote to the IAD on August 13, 2007 and attaches a copy of his outgoing "mail card" purporting to show that he did in fact mail such a letter to IAD on that date. According to the declaration of Joseph Rosa, Litigation Coordinator with its Office of Legal Affairs, "any and all letters written to Internal Affairs by an Inmate attempting an inmate initiated investigation are returned to the institution wherever he or she may be housed. Internal Affairs does not retain copies of such correspondence," and "does not conduct inmate initiated investigations." Dkt. 180 Att. 1 at 8. The 36 pages of responsive documents from CSP- Sacramento were the only responsive documents to plaintiff's subpoena. These documents were produced. Dkt. 180 at 3. A finding of contempt is unwarranted.

     IV. <u>Motion for Ruling on Pending Discovery</u> (Dkt. No. 182)

Plaintiff's April 18, 2012 motion for ruling on pending discovery seeks ruling on his discovery motions filed on August 27, 2010, September 2, 2010, and September 23, 2010. These motions were denied in three separate orders entered on October 26, 2010 by the then-assigned magistrate judge. Dkt. Nos. 134, 135, 136. Accordingly, plaintiff's motion for ruling on pending discovery will be denied as moot.

\\\\\

\\\\\

4

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay (Dkt. No. 191), construed herein as a motion for extension of time, is GRANTED to the extent that plaintiff is granted an additional thirty days from the date of this order in which to file and serve his opposition to the defendants' motion for summary judgment. Defendants' reply, if any, shall be filed seven days thereafter;

2. Plaintiff's motion for preliminary injunction (Dkt. No. 192) is DENIED;

3. Plaintiff's motion to compel (Dkt. No. 181), construed herein as an application for an order to show cause why a contempt citation should not be issued, is DENIED; and

4. Plaintiff's motion for ruling on pending discovery (Dkt. No. 182) is DENIED as moot.

Dated: September 26, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

jenn1305.368