1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MATTHEW G. JENNINGS,

11            Plaintiff,                    No.  2:08-cv-1305 LKK CKD P

12       vs.

13   A. MORELAND, et al.,

14            Defendants.                   <u>ORDER</u>

15   _____/

16            Pursuant to the Ninth Circuit's recent decision in <u>Woods v. Carey</u>, 684 F.3d 934

17   (9th Cir. 2012), the court hereby reminds plaintiff of the following requirements for opposing the

18   motion for summary judgment filed by the defendants on March 8, 2013.  The motion arises

19   under Rule 56 of the Federal Rules of Civil Procedure.  Such a motion is a request for an order

20   for judgment in favor of the defendant without trial. A defendant's motion for summary

21   judgment will set forth the facts that the defendant contends are not reasonably subject to dispute

22   and that entitle the defendant to judgment.  To oppose a motion for summary judgment, plaintiff

23   must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.

24   Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the

25   complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff

26   specifies those parts of the complaint on which plaintiff relies.  Plaintiff may serve and file one

1   or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's

2   claims; the person who signs an affidavit or declaration must have personal knowledge of the

3   facts stated and must sign under penalty of perjury.  Plaintiff may rely on written records, but

4   plaintiff must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all

5   or any part of the transcript of one or more depositions, answers to interrogatories, or admissions

6   obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with

7   counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true

8   and grant the motion.  If there is some good reason why such facts are not available to plaintiff

9   when required to oppose a motion for summary judgment, the court will consider a request to

10  postpone consideration of the defendant's motion.  See FED. R. CIV. P. 56(d).  If plaintiff does

11  not serve and file a written opposition to the motion, or a request to postpone consideration of the

12  motion, the court may consider the failure to act as a waiver of opposition to the defendant's

13  motion.  See L.R. 230(l).  If the court grants the motion for summary judgment, whether opposed

14  or unopposed, judgment will be entered for the defendant without a trial and the case will be

15  closed as to that defendant.  A motion or opposition supported by unsigned affidavits or

16  declarations will be stricken.

17          Plaintiff now having received the notice required under Woods, 684 F.3d 934, IT

18  IS HEREBY ORDERED that:

19      1.      Plaintiff's opposition to defendants' March 8, 2013 motion for summary judgment

20              is due by April 15, 2013; any reply by defendants shall be filed and served within

21              14 days of service of plaintiff's opposition.

22  Dated: March 12, 2013

23

24  _____
    CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

25

26  8
    jenn1305.not