IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATTHEW G. JENNINGS

      Plaintiff,                    No.  2:08-cv-01305 LKK CKD P

   vs.

A. MORELAND, et al.,

      Defendants.         <u>ORDER</u>

_____/

        Plaintiff, a state prisoner, proceeds pro se with a second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff claims that defendants violated his rights under the Eighth Amendment at California State Prison-Sacramento ("CSP-SAC") by either (1) failing to protect him from physical assault at the hands of another inmate; or (2) being deliberately indifferent to his serious medical needs by failing to ensure that he received appropriate medical care following the assault.  Four long-pending discovery motions are before the court. (Dkt. Nos. 115, 116, 119 and 123.)

        On April 18, 2012, plaintiff filed a motion requesting the court to rule on pending discovery motions at dockets 115, 116, 119, and 123. (Dkt. No. 182.)  On September 27, 2012, the undersigned denied the motion as moot, finding that "[t]hese motions were denied in three separate orders entered on October 26, 2010 by the then-assigned magistrate judge. Dkt. Nos.

1

134, 135, 136." (Dkt. No. 193.)

On October 26, 2012, plaintiff filed objections to the April 18, 2012 order. (Dkt. No. 196.) On January 25, 2013, the district judge construed the objections as a request for reconsideration of the undersigned's September 27, 2012 order and denied the request. (Dkt. No. 208.)

Upon further review of the record, however, it appears that plaintiff's discovery motions at dockets 115, 116, 119 and 123 are indeed still pending. These motions were initially denied by the then-assigned magistrate judge on October 26, 2010 for plaintiff's failure to comply with Local Rule 251(b), which provides, in relevant part, that "[c]ounsel for all interested parties shall confer in advance of the filing of [a motion to compel discovery] or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion." (Dkt. Nos. 134, 135, 136.) Plaintiff filed objections to the orders denying his motions on that basis, and, on November 30, 2010, the then-assigned visiting district judge granted his objections and vacated the magistrate judge's orders denying the motions.

Defendants twice moved for additional time to respond to the motions on the merits and finally filed oppositions to plaintiff's pending motions on January 31, 2011. (Dkt. Nos. 155, 156.) Plaintiff replied on February 7, 2011. (Dkt. No. 159.) In the meantime, the visiting district judge recused himself, and the case was reassigned to the original district and magistrate judges. On September 22, 2011, the court instructed the parties to clarify which of plaintiff's discovery motions still required decision. (Dkt. No. 165 at 5.) Plaintiff responded, requesting the court to rule on the pending discovery motions at dockets 115, 116, 119 and 123. (Dkt. No. 166.) Defendants responded on October 4, 2011, giving their reasons why the motions should be denied. (Dkt. No. 169.) In the court's order of March 6, 2012, several pending discovery issues were resolved, however, plaintiff's motions at dockets 115, 116, 119 and 123 were not addressed. (Dkt. No. 178.) These motions will now be addressed.

/////

I. <u>Plaintiff's Motion at Docket 115</u>

Plaintiff's discovery motion at docket 115 is a "motion to determine the sufficiency of an answer or objection in response to plaintiff's request for admissions." Plaintiff seeks a ruling from the court as to whether defendants' responses to his requests for admissions number 2, 3, 4, 5, 11, 12, 13, 15, 17, 19, 23 and 24 comply with the requirements set forth in Fed. R. Civ. P. 36(a). In particular, plaintiff alleges that defendants denied admissions based on "not having personal knowledge," when they did in fact have knowledge, or could have obtained such knowledge from a reasonable investigation. (Dkt. No. 115; Dkt. No. 159 at 2.) Plaintiff requests the court to sanction defendants and compel them to amend their answers. (<u>Id.</u>) Defendants opposed the motion on January 31, 2011, and plaintiff filed a reply. (Dkt. Nos. 155, 159.)

A party may properly answer a request for admission by admitting, denying, or objecting to the request, and stating the reasons for the objection. Fed. R. Civ. P. 36(a)(4), (5). In addition, a party may give lack of information or knowledge as a reason for failure to admit or deny so long as the answering party states that he has made a reasonable inquiry, and that the information known or readily obtainable by him is insufficient to enable him to admit or deny. Fed. R. Civ. P. 36(a)(4).

Plaintiff's voluminous motion at docket 115 is deficient in several respects. Not only did plaintiff fail to comply with the local rule requiring parties to confer in advance of the filing of a motion to compel discovery, he did not attach a copy of his requests to admit, or any of the 11 defendants' challenged responses, to his motion. Rather, he has paraphrased or quoted his requests and the various defendants' allegedly deficient responses throughout 30 pages of argument which he expects the court to comb through in order to determine the merits of his motion.

The crux of plaintiff's argument throughout the motion at docket 115 is not that defendants failed to respond to any of his requests for admission, but rather, that he does not believe their responses are truthful. This is not an appropriate basis for a motion to compel

further or different responses to requests to admit. Nor can the court "determine the sufficiency" of defendants' responses as plaintiff asks the court to do. As will be discussed, except for two instances in which defendants made amended responses based on examination of exhibits tendered by plaintiff, defendants unequivocally indicate that they stand by their responses. Accordingly, the court cannot compel further responses from defendants at this time. Although it is regrettable that the merits of plaintiff's discovery motion at docket 115 are being reached only after pending for a very long time, it is equally true that the court would not have compelled further or different responses had this motion been ruled upon in a timely manner.

When a party perceives dishonesty or contradictions in another party's discovery responses, that party may seek to impeach the other party with those perceived contradictions in any declaration or testimony subsequently offered. In addition, if a party later proves at trial or on summary judgment that certain matters improperly not admitted are true, the party may seek recourse in the form of reasonable expenses incurred in making that proof. Fed. R. Civ. P. 37(c)(2); see also Marchand v. Mercy Med. Cntr., 22 F.3d 933, 937-39 (9th Cir. 1994). Otherwise, at the discovery stage, a party is generally required to accept another party's sworn responses to requests for admission. Nevertheless, the court will attempt to address the merits of plaintiff's arguments in the motion at docket 115.

A.  Request for Admission 2

In request 2, plaintiff asked defendants Walker, Vance, Goldman, Pereira, Valente, B. Brown, Flores, and Bartell to admit that plaintiff was attacked by inmate Jeff Barrus on the morning of August 1, 2007. (Dkt. No. 115 at 2, 6, 9, 12, 18, 20, 25, and 27.) In support of his contention that defendants improperly denied this admission, plaintiff submitted copies of classification hearings held on August 9, 2007, May 25, 2006, and June 1, 2006, respectively. (Dkt. No. 115 at Ex. A, B, C.) Defendants are correct that these exhibits do not support plaintiff's allegation that inmate Barrus attacked him. At best, the information contained in the exhibits establishes that plaintiff and Barrus were engaged in mutual combat.

B. <u>Request for Admission 3</u>

In request 3, plaintiff asked defendants Vance, Goldman, Pereira, Valente, B. Brown, Scicluna, and Moreland to admit that "Plaintiff was shot in his right shoulder on August 1, 2007 with a 40 mm direct impact round by correctional officer K. Hofer #13292." (Dkt. No. 115 at 6, 10, 13, 18, 20, 22, and 29.)  Plaintiff claims that the defendants' denials based upon their lack of personal knowledge were deficient based on information contained in exhibits I, J, M, R, and X to his motion.

Among these exhibits, of particular note are Exhibits J, R and X.  Exhibit J is a Crime/Incident Report signed by defendant Pereira which reflects that staff "discharged two 40MM Direct Impact Rounds" to quell the fight between plaintiff and inmate Barrus; the report states that "the injury to [plaintiff's] right shoulder *shows indication of being caused* by a 40MM Direct Impact Round (emphasis added)."  Exhibit R, a Medical Report of Injury, reflects injuries at or near plaintiff's shoulder but does not reflect the source of those injuries.  Finally, Exhibit X is a copy of defendant Moreland's response to plaintiff's interrogatory asking "Did inmate Matthew Jennings personally speak with you in regards to the gunshot wound he received on August 1, 2007?"; Moreland responded "Yes."

Defendants assert that none of the defendants personally witnessed the events leading to plaintiff's injuries and that Exhibit J, in particular, contains only hearsay statements reported by others that do not prove defendant Pereira's personal knowledge.  In addition, exhibit X only reflects the date and not the source of plaintiff's injuries.  For these reasons, the exhibits provided fall short of demonstrating that any defendant had personal knowledge of each element of the request sufficient to admit the request.

C. <u>Request for Admission 4</u>

In request 4, plaintiff asks defendants Pereira and B. Brown to admit that "Plaintiff was escorted to the A-facility clinic where Nurse M. Valente documented Plaintiff's injuries." (Dkt. No. 115 at 13-14, 20-21.)  Plaintiff claims that information contained in exhibits

5

J and S to his motion demonstrate that defendants' denials were dishonest.

Defendant Pereira argues that, as the reporter of the Crime Incident Report (Exhibit J) discussed above, he "merely recorded information regarding the alleged incident that was reported to him by other individuals - he had no independent personal knowledge of the alleged events." (Dkt. No. 155 at 4.) Examination of exhibit S reveals that defendant B. Brown assisted Officer I. Montes in escorting plaintiff to the decontamination shower, and then "departed the area to resume [his] normal duties. This ended [his] involvement in this incident." For these reasons, neither of the exhibits cited by plaintiff demonstrates untruthfulness by either defendant.

  D.  Request for Admission 5

In request 5, plaintiff asks defendant Valente to admit that she did not "notify any physician about the Plaintiff's injuries." (Dkt. No. 115 at 18-19.) Plaintiff claims that defendant Valente's denial was dishonest as evidenced by information contained in exhibit R to his motion, a Medical Report of Injury on which Valente wrote "N/A" under the heading "Physician Notified/Time." Plaintiff's exhibit, while containing some probative evidentiary value in regard to the issue, does not demonstrate that Valente's denial was untruthful.

  E.  Request for Admission 11

In request 11, plaintiff asks defendant Goldman to admit that "Plaintiff was video taped by Lieutenant Goldman on August 7, 2007 for a Use of Force Video and recorded Plaintiff's injuries." (Dkt. No. 115 at 10.) Plaintiff claims that Goldman's denial based on his alleged inability to recall such an interview is deficient based on Exhibit M to his motion, which is a record of official visitations made by C.S.P. Sacramento Personnel to inmates in Plaintiff's cell block on August 7, 2007. While the log reflects that Goldman spent approximately 21 minutes with plaintiff on that date, it does not demonstrate that Goldman conducted a videotaped interview of plaintiff on that date, or that he recalled doing so.

/////

The court notes, however, that defendants' motion for summary judgment sets forth the following undisputed facts:

> 27. On August 7, 2007, Goldman, with the assistance of Correctional Sergeant Lightfield, conducted a "use of force" interview with Plaintiff.
>
> 28. During the interview, Goldman asked Plaintiff to describe the events that led to his alleged shoulder injury, as well as how he was feeling at the time. In addition, he asked Lightfield to videotape his shoulder to document the existence of any visible injuries.

(Dkt. No. 185-2 at 5.) It thus appears that defendant Goldman failed to properly amend his response to plaintiff's request 11. Regardless, there is no basis for granting expenses to plaintiff under Rule 37(c)(2)(B) because plaintiff incurred no expenses in making this proof where defendants asserted these undisputed facts in their motion for summary judgment. The undersigned further finds no basis for an award of sanctions.

F. Request for Admission 12

In request 12, plaintiff asks defendants Walker, Vance, Pereira and Scicluna to admit that "Plaintiff was classified as a (Sensitive Needs) or Protected Custody inmate during the entire period of incarceration at C.S.P. Sacramento (New Folsom) prison from the year(s) 2005 to the date of this admission." (Dkt. No. 115 at 3, 7, 13, 23.) He claims defendants' responses denying the request based on lack of personal knowledge are dishonest as evidenced by the information contained in Exhibits A, B, and C to his motion, which appear to be documentation of plaintiff's various Administrative Segregation Review hearings.

Defendants are correct that none of the exhibits A (dated August 9, 2007), B (dated May 25, 2006), or C (dated June 1, 2006) substantiate plaintiff's assertion regarding his status during the entire period of his incarceration at CSP-SAC.

G. Request for Admission 13

In request 13, plaintiff asks defendants Walker, Vance, Goldman, Pereira, Valente, B. Brown, Scicluna, Flores, Bartell and Moreland to admit that "during the period(s) of

1  July 31, 2007 to October 10, 2007, C.S.P. Sacramento (New Folsom) prison would house general
2  population inmates along with (Sensitive Needs) inmates in building A-4.  (Dkt No. 115 at 3, 7,
3  10, 14, 19, 21, 23, 25, 28-29.)  Plaintiff claims their denials are dishonest based on the
4  information contained in exhibits A, B, and C to his motion.  Contrary to his assertion, the cited
5  Administrative Segregation Review hearing documents do not demonstrate dishonesty by
6  defendants in their failure to admit this request.

      H.   Request for Admission 15

In request 15, plaintiff asks defendants Walker, Vance, Goldman, Pereira and Scicluna to admit that "Plaintiff was housed in Administrative Segregation from August 1, 2007 to August 9, 2007."  (Dkt. No. 115 at 3, 7, 11, 14, 23.)  Plaintiff claims defendants' responses are deficient based on information contained in exhibits A, M and N to his motion.

Upon review of exhibit A, which defendants state was not in their possession at the time of their initial responses, Walker, Vance and Scicluna amended their responses to admit plaintiff's request 15.  (Dkt. No. 169 at 2.)  Defendants Pereira and Goldman maintain that their denials based upon lack of personal knowledge are accurate and plaintiff's exhibits do not show to the contrary.

      I.   Request for Admission 17

In request 17, plaintiff asks defendants Walker, Goldman, Pereira, Valente, B. Brown, Scicluna, Flores and Bartell to admit that "C.S.P. Sacramento has medical doctors on the prison grounds on call 24 hours a day, to be contacted in a result of emergency's [*sic*]."  (Dkt. No. 115 at 4, 11, 14, 19, 21, 24, 26, 28.)  Plaintiff claims the defendants' responses are dishonest as evidenced by information contained in exhibits D, E, F, G and H to his motion.  Contrary to plaintiff's assertion, the exhibits, which consist of various job descriptions, clinical services work schedules, and portions of the department's regulations, do not individually or collectively show that doctors are on grounds 24 hours a day or that defendants improperly denied this request based upon their alleged lack of personal knowledge.

8

J. Request for Admission 19

In request 19, plaintiff asks defendants Walker, Vance, Goldman, Pereira and B. Brown to admit that "All correctional staff employed at C.S.P. Sacramento receive [*sic*] basic first aid training." (Dkt. No. 115 at 4, 8, 11, 15 and 21.) Plaintiff claims defendants' responses are dishonest based on information contained in exhibits D, H and L to his motion. Exhibits D and L outline the job-related responsibilities of Wardens and Facility Captains, respectively; while Exhibit H addresses the type of medically necessary care to be provided to California's inmate population. The exhibits cited fail to show that defendants improperly denied this request based on a lack of personal knowledge.

K. Request for Admission 23

In request 23, plaintiff asks defendants Walker, Vance, Goldman, Pereira, Scicluna and Flores to admit that "C.S.P. Sacramento has medically trained personal [*sic*] working in Administrative Segregation who can assess injuries and dispense medication." (Dkt. No. 115 at 5, 8, 12, 15, 24 and 26.) Plaintiff claims defendants' responses are dishonest based on information contained in exhibits D, E, F, G, H, L and V to his motion. Contrary to his assertion, the cited exhibits do not demonstrate that defendants' improperly responded to request 23 based upon their alleged lack of personal knowledge.

L. Request for Admission 24

In request 24, plaintiff asks defendants Walker, Vance, Goldman, Pereira, Valente, B. Brown, Scicluna, Flores and Bartell to admit that "C.S.P. Sacramento has the ability to refer inmates for more extensive treatment from an outside medical facility off prison grounds." (Dkt. No. 115 at 5, 9, 12, 15, 19, 22, 25, 26 and 28.) Plaintiff claims defendants responses are deficient based on information contained in exhibits G, H, I, J and L to his motion.

Upon review of exhibit L, which defendants state was not in their possession at the time of their initial responses, defendants amended their responses to plaintiff's request 24. (Dkt. No. 169 at 2.) Plaintiff does not assert that defendants' amended responses are deficient.

M. Conclusion

As discussed, the court cannot compel further or different responses from defendants where defendants indicate unequivocally that they stand by their responses, nor would the court have done so had this motion been ruled upon at an earlier date. There further appears no basis for granting expenses to plaintiff pursuant to Fed. R. Civ. P. 37(c)(2). Accordingly, there is no relief to be afforded and plaintiff's motion to determine the sufficiency of defendants' responses will be denied.

II. Plaintiff's Motion at Docket 116

Plaintiff's motion at docket 116 is a motion for sanctions based upon the information presented in plaintiff's motion at docket 115 which was just discussed. For the same reasons already set forth, the court finds no basis for an award of sanctions. Plaintiff's motion for sanctions at docket 116 will be denied.

III. Plaintiff's Motion at Docket 119

On July 7, 2010 a telephonic motion hearing was held before the then-assigned magistrate judge on several pending matters. (Dkt. No. 103.) In regard to plaintiff's discovery motion that was pending at docket 74, the minutes reflect, in relevant part:

> Plaintiff is advised of the proper procedure for bringing a discovery dispute before the Court. [¶] As discovery is still open, the Court advises Plaintiff to send a new Request for Production of Documents tailored to ask for incident reports during the requested time frame involving assaults by general population prisoners against protective custody prisoners only. If records are available and easily accessible, they shall be provided to Plaintiff in redacted form. If [defense counsel] discovers it is burdensome, the Court will revisit the issue. Given these occurrences, IT IS ORDERED that the Motion Seeking Discovery is DENIED without prejudice.

(Dkt. No. 103 at 1.)

On July 11, 2010, plaintiff submitted a clarified discovery request to defendants as the court suggested. Plaintiff's pending discovery motion at docket 119 is a motion for an order compelling defendants to produce for inspection and copying documents responsive to his

revised request as follows:

> Incident report(s) between (Enhanced Out Patient), (E.O.P. hereafter) inmates from the dates of January 1, 2007 (through) August 15, 2007 on A-facility at C.S.P. Sacramento prison. Sensitive needs is defined as follows for this inquiry: [ Any inmate (prior) or during their stay on A-facility during the time(s) describe herein were "classified" as Sensitive Needs placement.]

(Dkt. No. 119 at 1-2.)

Defendants opposed the motion on January 31, 2011, stating that the requested documents were provided on January 14, 2011. (Dkt. No. 156-1 at 2.) Defendants attached approximately 50 pages of documents that were produced to plaintiff in response to the request at issue. (Dkt. No. 156-2.) It thus appears that plaintiff's motion at docket 119 is moot. As set forth, on September 22, 2011, the court requested the parties to clarify which of plaintiff's discovery motions still required decision. (Dkt. No. 165 at 5.) Although plaintiff responded that his motion at docket 119 was still pending, he did not explain his position or set forth how the documents provided by defendants were deficient. Nor has he opposed defendants' assertion that the motion at docket 119 should be denied as moot. Accordingly, plaintiff's motion to compel at docket 119 will be denied as moot.

IV. Plaintiff's Motion at Docket 123

Plaintiff's motion at docket 123 is a motion "challenging" defendant Steward's late responses to plaintiff's request for admissions. Defendant Steward answered plaintiff's amended complaint on July 23, 2010. (Dkt. No. 108.) On August 25, 2010, defendant Steward advised this court, under seal, of the reasons why he had been unable to respond to plaintiff's request for admissions. (See Dkt. No. 121, 122.) Contemporaneously, defendant Steward served his responses, without objections, to plaintiff's request for admissions. A copy of defendant Steward's responses served on August 25, 2010 appears in this record as an exhibit to defendants October 4, 2011 filing. (Dkt. No. 169 at Ex. I.)

/////

In his motion at docket 123 "challenging" defendant Steward's late discovery responses, plaintiff states that all of defendant Steward's responses should be deemed "admitted" due to being late and untimely. Under the applicable rule, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). However, a court "may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). Here, permitting defendant Steward's late responses to plaintiff's requests to admit promotes the presentation of the merits of this action and does not prejudice plaintiff. This ruling is consistent with the court's previous ruling on September 15, 2010 (Dkt. No. 120) denying plaintiff's motion for default against defendant Steward and denying another motion to compel and motion for sanctions by plaintiff against defendant Steward.

V. Conclusion

In accordance with the above, and for all the reasons stated herein, plaintiff's pending discovery motions at dockets 115, 116, 119 and 123 are hereby DENIED.

Dated: April 10, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
jenn1305.disc