1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MATTHEW G. JENNINGS,                         No.  2:08-cv-1305 LKK CKD P

12                  Plaintiff,

13         v.                                      ORDER

14   A. MORELAND, et al.,

15                  Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief

18   under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to

19   28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20        On February 6, 2013 and August 9, 2013 the magistrate judge filed findings and

21   recommendations herein which were served on all parties and which contained notice to all

22   parties that any objections to the findings and recommendations were to be filed within fourteen

23   days.  Plaintiff has filed objections to both sets of findings and recommendations.

24        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

25   court has conducted a de novo review of this case.  For the reasons set forth herein, the findings

26   and recommendations are adopted in part.

27        This action is proceeding on the following Eighth Amendment claims.  First, plaintiff

28   claims that defendants Vance and Walker failed to protect him from a substantial risk of harm

                                              1

1    when they decided to house him in the A-Facility Enhanced Outpatient Program (EOP) at

2    California State Prison-Sacramento (CSP-SAC) rather than on a sensitive needs yard (SNY) as

3    required by his document safety concerns.  Second, plaintiff claims that defendants Moreland and

4    Bartell failed to protect him from a substantial risk of harm from assault after they overheard two

5    inmates threaten plaintiff on July 31, 2007.  Finally, plaintiff claims that defendants B. Brown,

6    Valente, Pereira, Vance, Mansaray, Flores, Steward, Goldman, Craddock, Scicluna, Walker, W.

7    Brown, Bal, and Moreland acted with deliberate indifference to plaintiff's serious medical needs

8    for adequate treatment of injuries he suffered in an altercation with two other inmates on August

9    1, 2007.

10          The matter is before the court on defendants' July 5, 2012 motion for summary judgment,

11   which addresses plaintiff's failure to protect claims against defendants Moreland and Bartell and

12   plaintiff's deliberate indifference claims against defendants B. Brown, Valente, Pereira, Vance,

13   Mansaray, Flores, Steward, Goldman, Craddock, Scicluna, Walker, W. Brown, and Bal, and on

14   defendants' March 8, 2013 supplemental motion for summary judgment, which addresses

15   plaintiff's failure to protect claims against defendants Vance and Walker and plaintiff's deliberate

16   indifference claim against defendant Moreland. As to the first motion, the magistrate judge

17   recommends that summary judgment be granted as to all claims and all defendants except

18   plaintiff's Eighth Amendment failure to protect claim against defendant Moreland. [1]  As to the

19   second motion, the magistrate judge recommends that it be granted in its entirety.

20          The following facts relevant to plaintiff's claims are undisputed.

21          In May 2005, plaintiff was transferred to CSP-SAC and assigned to the A-Facility EOP.

22   See Ex. E to Pl's. Opp., filed March 28, 2013 (ECF No. 217).  Prior to this placement, plaintiff

23   was classified as a sensitive needs yard (SNY) inmate; CSP-SAC did not have a sensitive needs

24   yard.  On May 19, 2006, plaintiff was "retained" in the administrative segregation unit at CSP-

25   SAC for both "safety concerns" and "referral to DRB for Indeterminate SHU."  Ex. F to Pl's.

26

27   [1] The court notes that the citations to Fed. R. Civ. P. 56 in the February 6, 2013 findings and
     recommendations apparently refer to the version of Rule 56 that existed prior to the 2010
28   amendments to said rule.

                                                    2

Opp. (ECF No. 217).  On May 25, 2006, plaintiff appeared before an Institution Classification

Committee (ICC) that included Defendant Vance as a member of that committee.  Id.   At that

hearing, the ICC rescinded a prior ICC action of April 6, 2006 "relative to transfer" of plaintiff to

the Psychiatric Services Unit at CSP-SAC "for Indeterminate SHU."  Id.  The chrono from the

May 25, 2006 ICC meeting notes that plaintiff "was retained" in administrative segregation

because of his prior sensitive needs yard placement and his "documented enemies at SAC-IV A-

FAC, MCSP-IV EOP SNY and MCSP-III EOP SNY."  Id.   The committee noted that plaintiff

would "not suspend his SNY concerns to be housed in a general population EOP and MCSP is

the only EOP SNY Level-IV and III institution.  Confidential reports have been reviewed and

attempts have been made to clear specific enemy concerns but have had negative results."  Id.

On June 1, 2006, at another ICC meeting, the committee released plaintiff to the A-

Facility EOP and rescinded another ICC action of May 25, 2006 "based upon resolution of

Enemy Concerns at CSP-SAC's EOP."   Ex. G to Pls. Opp. (ECF No. 217).  A chrono dated June

19, 2006, entitled Resolution of Enemy Concerns, reflects resolution of an enemy situation

between plaintiff and Inmate Barrus, one of the inmates involved in the August 1, 2007 incident.

Ex.  I to Pl's. Opp. (ECF No. 217).  That chrono, signed by both plaintiff and Inmate Barrus,

states in relevant part:

> Jennings and Barrus both acknowledge that a potential enemy
> situation existed; however, both stated that they do not consider the
> other as an enemy and feel comfortable programming in the same
> general population together.  After considering the input from these
> inmates and other information available regarding their potential
> enemy situation, it is my recommendation that Jennings and Barrus
> should not be considered enemies and their respective CDC 812's
> should reflect this.

Id.

Additional relevant undisputed facts are set forth in the magistrate judge's May 6, 2013

findings and recommendations, as follows:

> On July 31, 2007, while plaintiff was performing cleaning
> duties as a third watch porter in the hallway of Building 4 of CSP-
> SAC's A-Facility, inmate Benjamin approached the door between
> the dayroom and the hallway; inmate Barrus was nearby.  (Dkt. No.
> 100 at 6; DUF #3.)  Benjamin demanded angrily that plaintiff seek

3

to have the door between them opened.  (Id.)  Plaintiff understood Benjamin's statements to him to be a threat of physical assault. (Dkt. No. 100 at 6; DUF #4.)  During these events, defendant Moreland (correctional officer working as the assigned Floor Officer) and defendant Bartell (correctional officer working as the assigned Control Officer) were stationed in the nearby control tower.  (Dkt. No. 100 at 7; DUF #5.)  Moreland and Bartell were responsible for providing security for inmates housed in the building and inmates engaged in various activities in the building's dayrooms by observing the activities of inmates in the dayrooms. (Dkt. No. 185-4 ("Bartell decl.") at ¶4….

> The next morning, on August 1, 2007, at approximately 7:53 a.m., plaintiff and Barrus were involved in a physical altercation in CSP-SAC's A-facility exercise yard. (Dkt. No. 100 at 8-9; DUF #10.)  During the altercation, plaintiff was pepper sprayed in his facial area and hit in the right shoulder by a 40 mm impact round fired by correctional officers.  (Dkt. No. 100 at 8-9; DUF ## 11, 12.).

Findings and Recommendations, filed February 6, 2013 (ECF No. 209) at 6-7.  Relevant factual disputes are discussed infra.

The court turns first to defendants' July 5, 2012 motion for summary judgment and the February 6, 2013 findings and recommendations thereon.[2]

Plaintiff has no objection to the magistrate judge's findings and recommendations with respect to the claims against defendants Bartell, B. Brown, or Bal, and those findings and recommendations will be adopted in full.[3]

The magistrate judge recommends entry of summary judgment for defendant Valente, finding that disputed facts are immaterial and that "[a]t most, plaintiff provides evidence of a difference of opinion regarding medical treatment, which does not give rise to an Eighth Amendment deliberate indifference claim."  Findings and Recommendations (ECF No. 209) at

---

[2] The court noted that the citations to Fed. R. Civ. P. 56 in the summary judgment standards set forth in the findings and recommendations apparently refer to the version of Rule 56 that existed prior to the 2010 amendments to that rule.

[3] In his objections, plaintiff proposes to dismiss these three defendants "on his own motion"  and to "reserve[ ] the right" to call one or both "as a witness in future proceedings."  Objections filed March 4, 2013 (ECF No. 212) at 2, 25.  The time has passed for plaintiff to voluntarily dismiss defendants from this action absent either a stipulation from defendants or an order of the court. See Fed. R. Civ. P. 41(a)(1).  Summary judgment will be entered for these three defendants.  This order has no effect on the designation of witnesses at any further proceedings in this action.

1    11-12 (citations omitted).  Plaintiff objects to these findings and the accompanying

2    recommendation.  In support of the motion for summary judgment, defendant Valente, a

3    registered nurse, presents evidence that she examined plaintiff right after he was involved in an

4    altercation on the yard with another inmate.  Decl. of M. Valente (ECF No. 185-5) at ¶¶ 2-4.

5    According to defendant Valente, plaintiff "stated that he had been physically assaulted by another

6    inmate, and subsequently hit on the right shoulder by a 40 mm impact round fired by a

7    correctional officer, . . . ."  Id. at ¶ 3.  Defendant Valente avers that "[u]pon examining [plaintiff],

8    I noted abrasions and bruises on his right upper arm and shoulder, as well as on both knees.  I did

9    not see any actively bleeding wounds.  I did not see any other injuries."  Id. at ¶ 4.  Defendant

10   Valente avers that she gave plaintiff, who had been partially decontaminated after being pepper-

11   sprayed, additional instructions on decontamination, "scrubbed his wounds with a disinfectant

12   solution," examined him at three additional fifteen minute intervals, and offered him Motrin,

13   which plaintiff declined.  Id. at ¶¶ 5-6.  She also avers that prior to clearing plaintiff for transfer to

14   the Enhanced Outpatient Administrative Segregation Unit she advised plaintiff "that if his

15   condition changed he should submit a request to be seen by a physician."  Id. at ¶ 7.

16          In opposition to the motion for summary judgment, plaintiff has filed, inter alia, his own

17   declaration, in which he avers that he was attacked by an inmate and as he was defending himself,

18   he was shot in the right shoulder with a 40mm "direct impact round" and pepper-sprayed in his

19   face and eyes.  Pl. Decl. (ECF No. 199) at 3.  Plaintiff avers that the 40mm direct impact round

20   "tore my shoulder open causing it to begin bleeding, swelling, and extreme pain."  Plaintiff

21   further avers that defendant Valente "simply noted my multiple injuries on a medical form then

22   just wiped my wounds with 'saline' solution and ignored my pleas for medical attention."  Id.

23   Plaintiff avers that he "was also requesting medicine for the pain but that also was ignored" and

24   that after this defendant Valente cleared plaintiff to go to administrative segregation.  Id.  Plaintiff

25   avers that over the next thirteen days his repeated requests for medical attention and pain

26   medication were refused or ignored, that the only treatment he was given was some ointment and

27   /////

28   /////

5

a bandaid[4], and that his shoulder became increasingly painful and the wound on it infected.  Id. at
3-7.  Finally, plaintiff avers that he was taken to the "Emergency Room" on the A-Facility yard,
where he was given a tetanus shot, a "pain shot" and several x-rays.  Id. at 7.  He was seen by a
physician the next day who prescribed pain medication and ordered more x-rays.  Id. at 8.

As discussed above, plaintiff claims that defendant Valente violated his rights under the
Eighth Amendment by acting with deliberate indifference to plaintiff's serious medical needs.

> "To set forth a constitutional claim under the Eighth Amendment
> predicated upon the failure to provide medical treatment, first the
> plaintiff must show a serious medical need by demonstrating that
> failure to treat a prisoner's condition could result in further
> significant injury or the unnecessary and wanton infliction of pain.
> Second, a plaintiff must show the defendant's response to the need
> was deliberately indifferent." Conn , 591 F.3d at 1094–95 (internal
> quotation marks and citation omitted). The "deliberate indifference"
> prong requires "(a) a purposeful act or failure to respond to a
> prisoner's pain or possible medical need, and (b) harm caused by
> the indifference." Jett v. Penner, 439 F.3d 1091, 1096 (9th
> Cir.2006); Conn, 591 F.3d at 1095 (quoting Jett, 439 F.3d at 1096).
> "Indifference may appear when prison officials deny, delay or
> intentionally interfere with medical treatment, or it may be shown
> in the way in which prison [officials] provide medical care." Jett,
> 439 F.3d at 1096 (citations and internal quotations marks omitted).
> "[T]he indifference to [a prisoner's] medical needs must be
> substantial. Mere 'indifference,' 'negligence,' or 'medical
> malpractice' will not support this [claim]." Broughton v. Cutter
> Labs., 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle v. Gamble,
> 429 U.S. 97, 105–06, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Even
> gross negligence is insufficient to establish deliberate indifference
> to serious medical needs. Wood v. Housewright, 900 F.2d 1332,
> 1334 (9th Cir.1990).

Lemire v. California Dept. of Corrections and Rehabilitation, 726 F.3d 1062, 1081-82 (9th Cir.
2013).

Here, defendant Valente seeks summary judgment on the ground that plaintiff's claim is
predicated only a difference of opinion with the treatment she provided which, as the magistrate
correctly noted, is not a cognizable ground for liability under the Eighth Amendment.  See
Findings and Recommendations (ECF No. 209) at 11-12 and cases cited therein.  That, however,
is not the basis of plaintiff's claim.  Plaintiff's claim is that defendant Valente acted with

---

[4] Plaintiff avers this was the treatment provided by defendant Craddock.  See discussion infra.

1   deliberate indifference to plaintiff's need for adequate treatment of his shoulder injury by failing

2   to refer him to a physician, failing to provide pain medication, and clearing him for placement in

3   administrative segregation without adequate care.  There are material disputes over the extent of

4   plaintiff's shoulder injury, over whether defendant Valente offered plaintiff any pain medication

5   and over the steps that defendant Valente took before clearing plaintiff for placement in

6   administrative segregation.[5]  These disputes preclude summary judgment for defendant Valente

7   on plaintiff's Eighth Amendment claim of deliberate indifference to his serious medical needs.

8   　　　Plaintiff's Eighth Amendment claims against defendants Vance, Pereira, Mansaray,

9   Flores, Steward, Goldman, Scicluna, Walker, and W. Brown all arise from the alleged failure of

10   these defendants to respond to plaintiff's requests for medical attention for his shoulder.  After

11   review of the record, the court adopts in full the magistrate judge's findings and recommendations

12   with respect to defendants Vance and Scicluna.

13   　　　The court will not adopt the findings with respect to defendant Walker but will grant

14   summary judgment for said defendant.  The magistrate judge find that plaintiff has not presented

15   any evidence "demonstrating that Walker was made aware of facts from which the inference

16   could be drawn that a substantial risk of serious harm to plaintiff's health existed, or that Walker

17   actually drew the inference."  Findings and Recommendations (ECF No. 209) at 18.  In his

18   declaration, plaintiff avers that he saw defendant Walker at a classification hearing, told him

19   everything that had happened, and asked for medical assistance.  Decl. of Jennings (ECF No. 199)

20   at 5.  Plaintiff also avers that defendant Walker told plaintiff that he should "be able to see the

21   doctor when [he] got released from administrative segregation" and that Walker had information

22   that plaintiff had been attacked and would be "released back to the yard."  Id. at 5-6.  These

23   averments are sufficient evidence that defendant Walker was made aware of plaintiff's injuries

24   and that he drew an inference that plaintiff needed medical attention.  There is no evidence,

25   however, that defendant Walker was deliberately indifferent to plaintiff; under plaintiff's own

26   version of events at a classification committee hearing defendant Walker told plaintiff he would

27

28   _____
[5] There is no dispute that defendant Valente did not refer plaintiff to a physician.  Whether that
was a manifestation of deliberate indifference is for the trier of fact.

1  be able to see a doctor when he was released from administrative segregation and plaintiff was in

2  fact released from administrative segregation later that day.  Summary judgment will be granted

3  for defendant Walker.

4          The court will not adopt the findings and recommendations with respect to the remaining

5  defendants.  As discussed above, deliberate indifference may be shown by facts which establish,

6  inter alia, that prison officials denied or delayed medical treatment.  Plaintiff has presented

7  evidence, through his own declaration, that, at different times between August 1, 2007 and

8  August 13, 2007, he told defendants Pereira, Mansaray, Flores, Steward, Goldman, and W.

9  Brown that he was in "terrible pain" and needed to see a doctor, and that none of them took any

10  action to address his complaints.  Pl. Decl. (ECF No. 199) at 3-7.  Plaintiff also avers that he

11  showed his injured and infected shoulder to several of these defendants.  Id.  As to each of these

12  defendants, there are disputes either over whether plaintiff in fact provided this information

13  and/or made these requests of each of these defendants, or whether the defendants took action to

14  address plaintiff's requests for medical attention, or both.  None of these defendants have

15  presented evidence sufficient to overcome these material disputes and establish their entitlement

16  to summary judgment.[6]  The motion for summary judgment will be denied as to defendants

17  Pereira, Mansaray, Flores, Steward, Goldman, and Brown.

18          Finally, the magistrate judge recommends summary judgment for defendant Craddock, a

19  nurse who saw plaintiff on August 8, 2007, on the ground that plaintiff's disagreement with the

20  treatment she provided does not "constitute deliberate indifference to serious medical needs in

21  light of the undisputed facts regarding Craddock's observation of plaintiff's physical condition at

22  _____

23  [6] Several have tendered declarations in which they aver that they have no recollection of the
events at bar and what their "customary practice" would have been in response to complaints such
24  as those claimed by plaintiff.  See, e.g., Decl. of Flores (ECF No. 185-8) at ¶¶ 3-4; Decl. of
Mansaray (ECF No. 185-6) at ¶¶ 3-4; see also Decl. of W. Brown (ECF No. 186-6) at ¶ 4.  These
25  declarations are insufficient to demonstrate an entitlement to summary judgment on this record.
Defendant Pereira avers that he initially told plaintiff to tell the nurse about his complaints and
26  then later when he issued the "lock-up" order on plaintiff while plaintiff was in a holding cell he
"did not see any evidence that plaintiff was in acute medical distress."  Decl. of Pereira (ECF No.
27  186) at ¶ 3, 4.  Plaintiff's claim against defendant Pereira arises from the interaction they had
while plaintiff was in the holding cell.  Defendant Pereira's declaration is insufficient to establish
28  his entitlement to summary judgment.

8

1   the time she examined him." Findings and Recommendations (ECF No. 209) at 16.  There are

2   disputed issues of fact as to whether defendant Craddock improperly denied or delayed plaintiff

3   access to medical care.  Accordingly, summary judgment will be denied for this defendant.

4          The court turns now to the August 9, 2013 findings and recommendations on defendants'

5   March 8, 2013 supplemental motion for summary judgment.  The magistrate judge recommends

6   summary judgment on the ground of qualified immunity for defendants Vance and Walker on

7   plaintiff's failure to protect claim.  Plaintiff objects to this recommendation on several grounds,

8   contending in part that disputed issues of fact identified by the magistrate judge concerning

9   whether plaintiff voluntarily waived his right to placement on a sensitive needs yard, see Findings

10  and Recommendations filed August 9, 2013 (ECF No. 223) at 9, preclude summary judgment for

11  these two defendants.  Under the circumstances of this case, plaintiff's objection is without merit.

12         The undisputed evidence shows that the decision to rehouse plaintiff on the A-Facility

13  EOP yard was made in June 2006, over a year before the August 1, 2007 incident at bar.[7]  The

14  undisputed evidence also shows that a potential enemy situation with Inmate Barrus was resolved

15  over a year before the August 1, 2007 altercation between plaintiff and Inmate Barrus.  Plaintiff

16  acknowledges the June 19, 2006 interview concerning the potential enemy situation with Inmate

17  Barrus and avers that he was "made to sign a chrono."  Jennings Decl., Ex. M to Pl's. Opp. (ECF

18  No. 217).  In the absence of any other evidence, plaintiff's averment that he was "made" to sign

19  the chrono resolving the enemy situation is insufficient to create a triable issue of fact as to

20  whether he had agreed that the potential enemy concern with Inmate Barrus had been resolved as

21  described in the chrono.

22         The magistrate judge has correctly identified the legal standards that apply to defendants'

23  assertion of qualified immunity from liability for this claim.  See Findings and Recommendations

24  filed August 9, 2013 (ECF No. 223) at 6.  Under those standards, defendants Vance and Walker

25  are entitled to qualified immunity from liability unless reasonable officers in their positions with

26  the information they had would have perceived a substantial risk of harm to plaintiff from

27  _____

28  [7] It appears plaintiff was on the A-Facility EOP yard for some period of time after his May 2005
    arrival at CSP-SAC.  See Exs. E and F to Pls. Opp. (ECF No. 217).

9

1   placement on the A-Facility EOP yard.  The court finds plaintiff has not presented evidence

2   sufficient to give rise to a triable issue of fact as to whether a reasonable prison official in the

3   position of either defendant Vance or defendant Walker would have perceived a substantial risk

4   to plaintiff's safety by the June 2006 decision to rehouse him in the A-Facility EOP yard.  As

5   discussed above the undisputed evidence shows that  plaintiff had not been housed on a sensitive

6   needs yard for a year prior to the June 2006 housing decision, that he had spent some period of

7   that year housed on the A-Facility EOP yard, and that the enemy concern with Inmate Barrus was

8   resolved proximate to the June 2006 housing decision.[8]

9        For the foregoing reasons, the court finds that defendants Vance and Walker are entitled to

10  summary judgment on the ground of qualified immunity and adopts the magistrate judge's

11  findings and recommendations to the extent they are based on the facts set forth in this order.[9]

12       Plaintiff also objects to the recommendation that summary judgment be granted for

13  defendant Moreland on his claim that defendant Moreland acted with deliberate indifference to

14  plaintiff's serious medical needs.  For reasons similar to those set forth supra concerning

15  plaintiff's claims against defendants Pereira, Mansaray, Flores, Steward, Goldman, and Brown,

16  the court finds triable issues of material fact as to whether defendant Moreland acted with

17  deliberate indifference to plaintiff's serious medical need for treatment of his shoulder injury and

18  will deny defendant Moreland's motion for summary judgment.

19       In accordance with the above, IT IS HEREBY ORDERED that:

20

21  [8] Moreover, more than a year passed between the June 2006 housing placement decision and
    resolution of plaintiff's enemy concerns with Inmate Barrus, and the August 1, 2007 altercation at
22  issue, attenuating significantly any causal nexus between the June 2006 housing decision and that
    altercation.

23

24  [9] The court declines to adopt that part of the findings and recommendations which relies at least
    in part on defendants' evidence that "CSP-Sacramento prison officials were forced to house SNY
25  EOP Level IV inmates with GP EOP Level IV inmates because of the lack of institutional
    resources."  Findings and Recommendations, filed August 9, 2013 (ECF No. 223) at 13.  It is
26  well-settled that Eighth Amendment violations may result from overcrowded prison conditions,
    see, e.g., Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011) (discussing Redman v. Cnty. of San
27  Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991)).  Here, the causal nexus between the inability to
    place plaintiff on a sensitive needs yard and the events at bar is too attenuated to support liability.

28

10

1      1. The findings and recommendations filed February 6, 2013, are adopted in part in

2   accordance with this order;

3      2.  Defendants' July 5, 2012 motion for summary judgment (ECF No. 185) is GRANTED

4   IN PART and DENIED IN PART as follows:  (1) granted as to the Eighth Amendment failure to

5   protect claim against defendant Bartell; (2) granted as to the Eighth Amendment deliberate

6   indifference claims against defendants Vance, Scicluna, Walker, B. Brown, and Bal; (3) denied as

7   to plaintiff's Eighth Amendment deliberate indifference claim against defendants Valente,

8   Craddock, Goldman, Pereira, Steward, Flores, W. Brown, and Mansaray; and (4) denied as to the

9   Eighth Amendment failure to protect claim against Moreland;

10      3.  The findings and recommendations filed August 9, 2013, are adopted in part in

11   accordance with this order;

12      4.  Defendants' March 8, 2013 supplemental motion for summary judgment is granted as

13   to defendants Vance and Walker and denied as to defendant Moreland; and

14      5.  This matter is referred back to the assigned magistrate judge for further proceedings.

15      DATED:  February 10, 2014.

16

17

18

19   LAWRENCE  K.  KARLTON
     SENIOR JUDGE
20   UNITED  STATES  DISTRICT  COURT

21

22

23

24

25

26

27

28

                                    11