UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW G. JENNINGS, | No. 2:08-cv-1305 LKK CKD P |
| Plaintiff, | |
| v. | ORDER |
| A. MORELAND, et al., | |
| Defendants. | |

This pro se prisoner civil rights action is set for a settlement conference on June 9, 2014 on plaintiff's remaining claims. (ECF No. 235.) Plaintiff has filed a motion to stay this action pending his appeal on the issue of qualified immunity as it relates to defendants Walker and Vance. (ECF No. 237 at 2.) Plaintiff is advised that there is no mechanism for "staying" a section 1983 action, as compared to the "stay and abeyance option" available in habeas corpus actions. See Kilgore v. Mandeville, 2011 WL 4048406 at *2 (E.D. Cal. 2011) (same), citing Rhines v. Weber, 544 U.S. 269 (2005). Thus, the court will deny plaintiff's request to stay this case.

Plaintiff has also requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in §1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

1

Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied without prejudice to renewal.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay (ECF No. 237) is denied; and

2. Plaintiff's request for the appointment of counsel (ECF No. 239) is denied without prejudice.

Dated:  April 11, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/kly/jenn1305.31+stay