UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW G. JENNINGS, | No. 2:08-cv-01305-MCE-CKD |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| A. MORELAND, et al., | |
| Defendants. | |

Through this § 1983 action, Plaintiff Matthew G. Jennings ("Plaintiff"), a prisoner at Salinas Valley State Prison, brings claims against nine correctional officers and medical staff members at California State Prison-Sacramento.  Specifically, Plaintiff contends that Defendant Moreland failed to protect him from another inmate in his housing unit and that, in the aftermath of a fight with the inmate, all nine defendants acted with deliberate indifference to his serious medical needs.

Presently before the Court are Plaintiff's Motion to Stay Proceedings (ECF No. 292) and Motion to Appoint Counsel (ECF No. 293).  For the following reasons, both Motions are GRANTED.

///

///

///

# BACKGROUND

Trial in this matter was originally scheduled for February 8, 2016.  In December 2015, however, court orders sent to Plaintiff at Salinas Valley State Prison were returned as undeliverable because Plaintiff was not housed there.  The Court therefore vacated Plaintiff's jury trial and directed him to file a notice of change of address and status of readiness for trial by March 8, 2016.  ECF No. 287.

On January 19, 2016, Plaintiff notified the Court that he had been viciously attacked by his cell-mate in October 2015.  Plaintiff's injuries were severe:  doctors removed his spleen, inserted a stent into his pancreas, and removed gallons of fluid from his abdominal and chest cavities over the course of multiple surgeries.  Plaintiff also had several broken ribs.  While undergoing that medical treatment, Plaintiff's personal property, including his materials related to this case, went missing from his cell.  Plaintiff now takes up to ninety milligrams of morphine per day to manage his pain.

# DISCUSSION

**A.  MOTION TO STAY**

Plaintiff's Motion to Stay asks that "all proceedings currently scheduled in this matter be continued" due to the injuries he sustained in the October 2015 attack.  ECF No. 292 at X.  A federal district court has broad discretion in deciding whether to issue a stay.  Fed. Sav. & Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 902 (9th Cir. 1989).  In deciding a motion to stay, the Court must weigh "the competing interests which will be affected by the granting or refusal to grant" the motion.  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).  These competing interests include the damage resulting from the granting of the stay, the hardship resulting from the denial of the stay, and the impact of the stay on the issues of the case going forward.  Id.

///

1      Here, the interests favoring a stay of proceedings heavily outweigh the interests against it.  Plaintiff has suffered serious injuries that have required several surgeries, and he currently takes up to ninety milligrams of morphine per day.  Requiring Plaintiff to try his case while suffering from these injuries would waste the Court's time and possibly result in a miscarriage of justice.  Furthermore, the trial date in this matter has been vacated, and granting a stay will have no effect on the Court's administration of its docket.  Finally, Defendants have known about this Motion for over a month but have not filed any opposition.  Defendants' non-opposition to this Motion indicates that there is little damage that could possibly result from staying this case.

Accordingly, Plaintiff's Motion is GRANTED and all proceedings in this action are STAYED for 120 days.  Plaintiff shall advise the Court of his readiness for trial within fourteen days of the conclusion of the stay.

### B. MOTION TO APPOINT COUNSEL

Plaintiff asks the Court to appoint counsel to represent him on the grounds that the injuries he sustained on October 2015 prevent him from effectively and expeditiously presenting his case.  Although a person generally has no right to counsel in civil actions, a court may appoint counsel for indigent civil litigants under "exceptional circumstances" pursuant to 28 U.S.C. § 1915(e)(1).  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). To determine whether "exceptional circumstances" exist, courts consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (citations and internal quotations omitted).

Both considerations warrant the appointment of counsel in this case.  As to the likelihood of success on the merits, Plaintiff's claims for relief will be decided at trial, and if his presentation of the evidence is persuasive to a jury, he may well prevail in this action. As to the second consideration, the severity of Plaintiff's injuries will make it difficult for Plaintiff to effectively represent himself at trial.  The Court therefore finds that

///

exceptional circumstances warrant the appointment of counsel in this action. Plaintiff's Motion to Appoint Counsel is accordingly GRANTED.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Stay (ECF No. 292) is GRANTED. All proceedings in this action are STAYED for 120 days. Plaintiff shall advise the Court of his readiness for trial within fourteen (14) days of the conclusion of the stay.
2. Plaintiff's Motion to Appoint Counsel (ECF No. 293) is GRANTED.
3. This action is referred to the Court's Alternative Dispute Resolution and Pro Bono Program Director Sujean Park to locate an attorney who is admitted to practice in this Court and is willing to accept the appointment.

IT IS SO ORDERED.

Dated: March 3, 2016

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT