UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW G. JENNINGS,<br><br>Plaintiff,<br><br>v.<br><br>A. MORELAND, et al.,<br><br>Defendants. | No. 2:08-cv-1305 MCE CKD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding through counsel. On April 4, 2017, the undersigned held a settlement conference, during which the parties reached a settlement. The court read the terms of the settlement on the record to which the parties agreed. On August 13, 2017, plaintiff filed a document styled, "Failure to Follow Settlement Agreement by Plaintiff's Counsel." (ECF No. 346.) On August 10, 2017, counsel for plaintiff was directed to address plaintiff's filing. On August 21, 2017, counsel for plaintiff filed a status report, and provided a corrected exhibit A on August 22, 2017.

Plaintiff's counsel states that on August 21, 2017, by certified mail, return receipt requested, he sent plaintiff copies of the following documents: stipulation for voluntary dismissal; defense counsel Larry Bragg's letter to the California Victim Compensation Board notifying the Board of the settlement of this action; Mr. Bragg's email to plaintiff's counsel on August 16, 2017, verifying that Mr. Bragg sent a letter to the victim's wife advising her of the

1

settlement; and the Payee Data Record signed by plaintiff on April 14, 2017. (ECF No. 348 at 1-2.) Plaintiff's counsel noted that because he does not have the victim's address, he does not intend to write the victim's family.

The undersigned reviewed the terms of the settlement placed on the court record. The record reflects that all parties agreed to the terms of the settlement in open court, and the undersigned confirmed that Deputy Attorney General Lawrence Bragg would write a letter to the Victim Compensation Board advising of the settlement of this case, and provide plaintiff's counsel a copy of the letter within thirty days from the settlement conference. In addition, the undersigned stated that plaintiff's counsel <u>may</u> write a letter to the victim's family advising them of the instant settlement and suggesting they may want to apply for payment to the Victim Compensation Board. However, the undersigned expressly noted that there was no agreement as to the outcome of any such correspondence, and that if the Board disagreed, or if the victim's family failed to apply, such failed outcome would not serve as a basis to set aside the settlement.

Review of the settlement terms placed on the court record confirms that the court did not order plaintiff's counsel to write the victim's family, and the court did not order anyone to provide plaintiff copies of any particular document. In any event, plaintiff has now been provided with copies of the documents identified above, and counsel's status report confirms that the provisions of the settlement have been met. Therefore, there is no need for the court to revisit the settlement of this action.

Accordingly, IT IS HEREBY ORDERED that plaintiff's notice (ECF No. 346) is placed in the court file and disregarded.

Dated: August 28, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/jenn1305.setenf